678 So.2d 910 (1996)
Michael BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2512.
District Court of Appeal of Florida, Fourth District.
August 28, 1996.
*911 Lewis A. Fishman of Lewis A. Fishman, P.A., Plantation, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michelle Konig, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, Judge.
The state's case at trial depended entirely on the testimony of two witnesses whose accounts differed from one another in several respects. Additionally, one's testimony was internally inconsistent and impeached on several points. During closing argument, after referring to specific testimony defense counsel argued that the witnesses had lied, saying "they are liars, I submit to you." Without objection from the prosecutor, the trial judge interrupted:
"JUDGE: That is just improper for you to call anybody a liar. It's up to the jury to determine who might be mistaken or wrong.
"COUNSEL: I was just
"JUDGE: I'm getting so concerned about this that I had to talk to you a couple times, if the state doesn't object. It was improper for someone to call people liars.
"COUNSEL: I was just commenting on the evidence.
"JUDGE: There is no evidence that anybody is a liar. If you will point that out to me. There is all kind of evidence, conflicting testimony, but because somebody isn't consistent doesn't mean they are necessarily a liar. It's not up to you in this court to call anybody a liar. Do you understand that?
"COUNSEL: Yes, Your Honor." [emphasis supplied]
At that point, counsel tried to proceed with his point that the witnesses had lied but without using the term "liar". The jury returned a verdict of guilty on all counts. We reverse.
Section 90.106, Florida Statutes (1995), provides that "[a] judge may not ... comment to the jury upon ... the credibility of the witnesses." The Law Revision Council's Note accompanying this provision of the Evidence Code explains as follows:
"The basis for this section was expressed in Hamilton v. State, 109 So.2d 422, 424 (Fla.3rd Dist.1959):
`The dominant position occupied by a judge in the trial of a cause before a jury is such that his remarks or comments... overshadow those of the litigants, witnesses and other court officers. Where such comment expresses or tends to express the judge's view as to the weight of the evidence, the credibility of a witness, or the guilt of the accused, it thereby destroys the impartiality of the trial....'"
In Raulerson v. State, 102 So.2d 281 (Fla. 1958), the court quoted with approval the following:
"`a trial court should avoid making any remark within the hearing of the jury that is capable directly or indirectly, expressly, inferentially, or by innuendo of conveying any intimation as to what view he takes of the case or that intimates his opinion as to the weight, character, or credibility of any evidence adduced.'"
102 So.2d at 285. The court explained:
"the facts are left to the independent and unbiased consideration of the jury and the judge should not enter their sphere of operation else the accused would be deprived of his right to trial by a jury. Because of the judge's exalted position his appraisal of testimony would likely give such emphasis to it as to influence the jury in their deliberation."
102 So.2d at 285.
We conclude that the comment on the credibility of the prosecution witnesses was prejudicial. The prosecution's case was founded entirely on the credibility of the two witnesses, there being no tangible or objective evidence of the crimes charged, or other witnesses. The jury was asked to decide whether those witnesses were telling the truth in spite of the inconsistencies and contradictions. *912 For the trial judge to say in open court during final argument that there is no evidence that either witness had lied amounted to the trial judge's assessment of the very issue reposed in the jury. There is nothing in this record from which we could deduce that this comment had no effect on the jury.[1] Indeed, given the preeminent role of the judge in the courtroom and the nature of the factual dispute given to the jury to resolve, it seems clear to us that his comment might well have affected the outcome. Thus, on this ground alone a new trial is required.
To facilitate retrial, we briefly address issues capable of arising again. It is clearly not improper for either counsel in closing argument to characterize specific witnesses as liars, so long as counsel relates the argument solely to the testimony of the witnesses and evidence in the record. As the court explained in Craig v. State, 510 So.2d 857 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988):
"Appellant argues that the prosecutor improperly made repeated references to defendant's testimony as being untruthful and to the defendant himself as a `liar.' It may be true that the prosecutor used language that was somewhat intemperate but we do not believe he exceeded the bounds of proper argument in view of the evidence. When counsel refers to a witness or a defendant as being a `liar,' and it is understood from the context that the charge is made with reference to testimony given by the person thus characterized, the prosecutor is merely submitting to the jury a conclusion that he is arguing can be drawn from the evidence. It was for the jury to decide what evidence and testimony was worthy of belief and the prosecutor was merely submitting his view of the evidence to them for consideration. There was no impropriety."
510 So.2d at 865. Counsel's argument in this case was manifestly referring to specific testimony given by the witnesses so characterized. The trial judge was wrong to suggest that this argument was improper.
In addition to foregoing, defendant also argues that the trial judge unreasonably criticized defense counsel in the presence of the jury for conduct that was not improper. He argues that the castigation of counsel impaired the fairness of the trial for the defendant. In particular he refers us to an incident during voir dire examination of jurors and another one during closing argument.
During jury selection, defense counsel had sought to question the panel of all female jurors as to whether they would be influenced by the testimony as to the alleged kidnapping of the baby.
"COUNSEL: ... Six women on the jury, assuming we tender the panel. One of the alleged victims is a woman. Would all of you promise me, because I can't emphasize enough how important this case is for my client. Think about the charges; think about them when you go back to the jury room and think about it if you convict him from what comes from there. What I'm saying is, can you all assure me as women simply because
"JUDGE: Isn't that one of the biggest insults you have received lately? It is improper. I will object and sustain my objection and ask you apologize to the women.

"COUNSEL: I apologize.
"JUDGE: I had a black attorney ask a black person if they could be fair with a black person. That's insulting in 1995 to ask questions like that.
"COUNSEL: It was not my intent to offend anybody.
"JUDGE: It offends me.
"COUNSEL: I apologize to you, too, Judge. I have no further questions." [emphasis supplied]
It appears that these were the jurors who ultimately comprised the panel in this case.
*913 Shortly before the incident involving the trial judge's comment on the credibility of the prosecution witnesses, counsel was arguing the lack of physical evidence to show that the alleged crimes had occurred. One of the charges was armed kidnapping, arising when defendant and a companion were said to have attempted to rob one of the two witnesses. When the male witness refused to give them his money, one of the alleged perpetrators is said to have snatched their 1-year old baby and held her in a threatening manner outside their vehicle. To illustrate that there were no signs of any bruises or injuries to the child as a result of such conduct, however, defense counsel argued:
"COUNSEL: .... See the lack of physical evidence. You're [indicating one of the jurors] a doctor, ma'am. For instance she told you how big the baby was
"JUDGE: I never heard so much improper argument in a final argument. How about confining your comments on the evidence or what the evidence might reasonably show. You don't go into what a juror does for a living or profession." [emphasis supplied]
We find counsel's attempted inquiry of the jurors neither insulting nor improper. Unfortunately, the judge's interjection conveyed to the jury that counsel had done something improper. Forcing him to apologize in the presence of the jurors could only have created a stigma on defense counsel in the minds of the jurors. That stigma was undoubtedly intensified by the judge's castigation of this lawyer during closing argumentthat he had never heard "so much improper argument in a final argument." These unjustified remarks undoubtedly prejudiced defense counsel in the eyes of the jury and destroyed the fairness of the trial. If we were not already required to reverse for a new trial on account of the judge's comment on the credibility of the prosecution witnesses, we would surely require a new trial because of these unwarranted statements.
We feel constrained to add a final observation. It is clear that the trial judge interjected himself into the defense counsel's voir dire examination of jurors and final argument without any objection from the prosecutor. While it is certainly true that a trial judge has the power to take such action even in the absence of an objection from the opposing lawyer, it should be exceedingly rare to do so. Repeated interjections without objection can recast the judicial role from impartial adjudicator to an apparent advocate for the party foreswearing objection. The occasion authorizing such judicial action should thus be both singular and intolerably offensive.
REVERSED AND REMANDED FOR NEW TRIAL.
STONE and SHAHOOD, JJ., concur.
NOTES
[1] The state argues that defendant never objected to the court's comment and failed to raise the matter in his argument on his post trial motions. We note, however, that Kellum v. State, 104 So.2d 99 (Fla. 3d DCA 1958), holds that this kind of error may be considered on appeal even in the absence of an objection to the trial court. Under the circumstances of this case, we conclude that we should consider the issue.