FLETCHER, Judge.
Osborne Cockett appeals his conviction and sentence for robbery, alleging error in *422 the trial court’s denial of his motion for a mistrial. Cockett contends that he was entitled to a mistrial based on the prosecutor’s improper closing argument. We find this contention to be without merit and affirm the conviction and sentence.
Cockett was arrested and tried on a charge of robbery and battery arising from a shoplifting incident at a Home Depot. The state’s case relied on the testimony of the two security guards who detained him. One of the guards testified that he saw Cockett take the merchandise from the electrical department of the store and place it inside his pants. The two guards followed Cockett to the garden section of the store where Cockett and his companion exited the store without paying for the merchandise. The guards identified themselves as store security, found the stolen merchandise on Cockett’s person, and proceeded to arrest him.
In his defense, Cockett presented the testimony of the companion who had accompanied him to Home Depot. This witness stated that Cockett did not take any merchandise from the store, but admitted that at one point she went to the bathroom, leaving him alone. She testified that she accompanied Cockett to the garden department where they intended to buy a part for a weed eater, but that they left the store after determining they did not have enough money for the item. She further testified that upon exiting the store Cockett was attacked by two individuals and that she did not see any stolen merchandise during the ensuing altercation.
Cockett takes issue with part of the prosecutor’s closing comments, which we set forth as follows:
“[PROSECUTOR]: Now, the State’s position is that exactly what happened is how we brought it to you. The defendant walked in, that he stuck the smoke alarm — it’s a smoke alarm; it’s just a smoke alarm — he stuck the smoke alarm in his pants and walked out the door and he got caught.
It’s not reasonable that what happened was that nothing happened, he didn’t take anything and that it was, in fact, the young trainee on his first day on the job — you saw how big he was— the first day on his job, he was told directly not to do anything or get involved, to run after — and I did get animated on cross examination, I couldn’t believe what she was saying.
[DEFENSE COUNSEL]: Objection, Judge.
THE COURT: Sustained.
[DEFENSE COUNSEL]: Reserve a
motion, Judge.
THE COURT: Reserve on the motion.
[PROSECUTOR]: That the State has the burden of proof in this case. They don’t have to prove anything.
What the State’s position is, is that it wasn’t reasonable what she was saying. That what she was saying was that the new trainee was the one who attacked him. It just doesn’t make sense.”
T. 480^481. Predominantly, Cockett claims the prosecutor’s statement “I couldn’t believe what she was saying” was an improper statement of the prosecutor’s personal belief which should have resulted in a mistrial.
We conclude to the contrary. The prosecutor was attempting to present a conclusion which the jury could reasonably draw from the evidence. In Craig v. State, 510 So.2d 857, 865 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988), the Florida Supreme Court held:
“Appellant argues that the prosecutor improperly made repeated references to defendant’s testimony as being untruth *423 ful and to the defendant himself as a ‘liar.’ It may be true that the prosecutor used language that was somewhat intemperate but we do not believe he exceeded the bounds of proper argument in view of the evidence. When counsel refers to a witness or a defendant as being a ‘liar,’ and it is understood from the context that the charge is made with reference to testimony given by the person thus characterized, the prosecutor is merely submitting to the jury a conclusion that he is arguing can be drawn from the evidence. It was for the jury to decide what evidence and testimony was worthy of belief and the prosecutor was merely submitting his view of the evidence to them for consideration. There was no impropriety.”
The First District Court informed us in Perry v. State, 718 So.2d 1258, 1260 (Fla. 1st DCA 1998):
“It is well-established that prosecutorial comments, such as using the word ‘lie,’ when commenting on appellant’s testimony, or characterizing the words of appellant as not those of an ‘innocent man’ when commenting on appellant’s verbal statement to an investigating police officer as set forth in testimony by that officer and other eyewitnesses, and not denied by appellant on the stand, are not improper.”
Thus the Fourth District Court in Brown v. State, 678 So.2d 910, 912 (Fla. 4th DCA 1996) stated:
“It is clearly not improper for either counsel in closing argument to characterize specific witnesses as liars, so long as counsel relates the argument solely to the testimony of the witnesses and evidence in the record.”
In Murphy v. International Robotic Sys., Inc., 766 So.2d 1010, 1028-29 (Fla.2000), the supreme court held that it was not improper “for counsel to state during closing argument that a witness ‘lied’ or is a ‘liar,’ provided such characterizations are supported by the record.” The court further stated that “If the evidence supports such a characterization, counsel is not im-permissibly stating a personal opinion about the credibility of a witness, but is instead submitting to the jury a conclusion that reasonably may be drawn from the evidence.” 766 So.2d at 1029. The court also discussed the use of the personal pronoun during closing argument. “When determining whether counsels’ use of the personal pronoun “I” is improper, judges must not place form over substance; it must be understood that trial counsel is required to analyze the evidence and present reasonable interpretations and inferences based on the evidence to the jury.” 766 So.2d at 1029.
In this case, the jury was presented with clearly conflicting evidence from the witnesses. In closing argument, the prosecutor was urging the jurors to disbelieve the defense witness’ version of the events in light of all the evidence presented. While the prosecutor’s single statement of personal belief (“I couldn’t believe ... ”) may have stepped over the line, the defense’s objection was sustained and no immediate curative instruction was requested. The statement certainly did not vitiate the entire trial thus was no ground for a mistrial. We, therefore, affirm the judgment below.
Affirmed.