872 So.2d 388 (2004)
Marvin JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-5066.
District Court of Appeal of Florida, Fourth District.
April 28, 2004.
*389 Charles G. White and Maria L. Sachs of Sachs, Augspurger, White & Associates, Boca Raton, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Marvin Jenkins appeals his conviction of two counts of sexual battery. We reverse the conviction and remand for a new trial. The trial court erred by failing to grant Jenkins's request for a continuance in order to present the testimony of two witnesses. These witnesses would testify that the victim had told them that the sexual encounter with Jenkins had been voluntary and it was only after Jenkins refused to pay for the consensual sex that she decided to make a claim that she had been raped. During cross examination, the victim denied she had made such contradictory statements.
Jenkins's theory of defense was that the victim had consented to have sex with him and that the only reason she claimed to have been raped was because he did not pay her. Carolyn and Keshara Griffin were deposed by the state and were subpoenaed for trial by the defense; however, because their car broke down they were unable to get to the courthouse as scheduled. The trial court refused to continue the proceedings to allow Jenkins's counsel to secure their appearance. The trial court also refused to allow introduction of their depositions and rejected the defense counsel's request to take their testimony by telephone. Jenkins argues that the trial court's refusal to grant a continuance constituted an abuse of discretion. We agree.
There are few rights more fundamental than the right of an accused to present witnesses in his or her own defense. See Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In order to prevail in a motion for continuance, the defendant must show: (1) prior due diligence to obtain the witnesses' presence; (2) that substantially favorable testimony would be forthcoming; (3) that the witnesses were available and *390 willing to testify; and (4) that the denial of the continuance caused material prejudice. See United States v. O'Neill, 767 F.2d 780, 784 (11th Cir.1985); Smith v. State, 762 So.2d 929, 931 (Fla. 4th DCA 2000), review denied, 786 So.2d 1188 (Fla.2001). In the instant case, each of the elements necessary for a continuance to be granted was present. Jenkins had placed the two witnesses under subpoena and the reason for the delay in appearing at trial was as a result of developing car trouble. The two witnesses would provide favorable testimony for Jenkins's defense that the sexual encounter was consensual. In addition, the witnesses were available and willing to testify. Failure to grant the continuance to permit these witnesses to testify clearly caused material prejudice to Jenkins. We find that the trial court abused its discretion and therefore reverse the conviction and remand for a new trial.
REVERSED AND REMANDED.
WARNER and GROSS, JJ., concur.