877 So.2d 877 (2004)
Alan WESSLING, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2425.
District Court of Appeal of Florida, Fourth District.
July 14, 2004.
*878 Carey Haughwout, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence on two counts of fleeing and eluding. He raises three issues, one of which causes us to reverse and remand for a new trial.
The state charged the defendant with two counts of aggravated fleeing and eluding and one count of aggravated assault on a law enforcement officer. The charges arose when Fort Lauderdale Police Officer Kelley observed defendant's car being driven in Fort Lauderdale without a license tag around 3:00 in the morning. The officer attempted to stop the car, but the defendant fled at speeds of 80-90 miles an hour through a residential neighborhood.
The defendant traveled into Plantation. Plantation Police Officer Hampton almost collided head-on with the defendant, who drove on the wrong side of the street. After a series of near collisions with other Plantation officers, the defendant stopped his car. A police dog was used to subdue the defendant, who had a lump on his head after the arrest.
The defendant claimed that a man got into his car as he was leaving a gas station. The man held a gun to his head and forced him to drive at high rates of speed, striking the defendant in the head at one point. The defendant testified that he was shaken and trembling after the blow to his head. He claimed he suffered a concussion which caused him to be unable to conform his conduct to the law because he did not *879 know what he was doing. While these are the underlying facts, it is the timing of the trial events that are central to the issues raised.
The defendant was assigned a public defender on December 12, 2001. The State filed discovery on January 3, 2002. On February 27th, the trial court granted the defendant's motion for additional discovery. On March 22nd, a private lawyer filed a notice of substitution of counsel.
On April 29th, the parties appeared for jury selection. Defense counsel moved for a continuance. He asked to speak with a doctor from whom the public defender had obtained a report. When asked if the doctor would be a witness, defense counsel said he was unsure until he had an opportunity to speak with him. The court denied the motion.
The parties selected a jury with the trial scheduled to begin two days later. At that time, the State asked the court whether the defendant intended to call the doctor as a witness because it had not received a witness list. The defense responded affirmatively. The court then conducted a Richardson hearing.[1]
Defense counsel responded he had only spoken to the doctor the day before and had not previously disclosed his report because he considered it confidential. The doctor would testify that the defendant's concussion could have caused him to be unaware of his conduct. The court found the discovery violation willful and that it prejudiced the State. The court excluded the doctor from testifying.
We find no error in the court's denial of the motion for continuance. We disagree, however, with the trial court's exclusion of the doctor's testimony. There were other means readily available to the trial court that would have accommodated both the State's concerns and yet have protected the defendant's right to present a defense. Exclusion of exculpatory evidence denies a defendant his fundamental right to defend himself in violation of the Sixth Amendment. Mattear v. State, 657 So.2d 46 (Fla. 4th DCA 1995). Prejudice to the State may be averted by granting a recess to permit the other side to question or depose the undisclosed witness. See, e.g., Streeter v. State, 323 So.2d 16 (Fla. 3d DCA 1975).
In this case, the trial court found, and the record supports, that defense counsel exercised his personal judgment in not disclosing the doctor's report to the State. The court correctly found that the failure to disclose had been willful. However, to avoid prejudice to the State, the court should have utilized a less drastic remedy.
Exclusion of a witness is a harsh remedy that should not be employed unless the court is faced with an extreme case. This was not such a case. We find the exclusion of the doctor as a witness was too harsh a sanction under the specific facts of this case. In doing so, we are mindful that a different set of facts might have warranted the sanction imposed. Thus, this holding is limited to the facts before us.
We therefore reverse the conviction and sentence and remand the case for a new trial.
REVERSED and REMANDED.
FARMER, C.J., and POLEN, J., concur.
NOTES
[1] See Richardson v. State, 246 So.2d 771 (Fla.1971).