931 So.2d 946 (2006)
Martin ALEXANDER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1001.
District Court of Appeal of Florida, Fourth District.
May 10, 2006.
Rehearing Denied July 21, 2006.
*948 Paul Morris of the Law Offices of Paul Morris, P.A., Miami, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
DONNER, AMY STEELE, Associate Judge.
Appellant, Martin Alexander ("Alexander"), appeals decisions of the trial court as follows: (1) the judge's decision to exclude exculpatory testimony of a DNA expert and (2) the judge's introduction and reference to an accident reconstructionist as an "expert." We have jurisdiction. See Fla. R.App. P. 9.030(b)(1)(A), 9.140(b)(1)(A).
We find no error in the trial court's reference to the accident reconstructionist as an "expert." However, because the trial judge abused her discretion in preventing the exculpatory testimony, we reverse and remand for a new trial.

I. FACTS
Alexander was charged in Count I with driving with a blood alcohol level over .08 percent and contributing to the cause of death of a human being, in Count II of driving under the influence of alcohol to the extent that his normal faculties were impaired and contributing to the cause of death of a human being, and in Count III of driving under the influence and contributing to the cause of injury to the person of another. After the jury found Alexander guilty of the lesser included offense of DUI in all three counts, the trial court abated Counts II and III and sentenced him to nine months in jail and three months probation on Count I. Alexander argues in this appeal that the trial court erred by excluding exculpatory testimony of a DNA expert listed on the State's witness list and referring to the State's accident reconstructionist as an "expert."
At trial, evidence was presented that Alexander was driving a car when he struck a golf cart, killing a young girl and injuring her mother. During the course of the trial, a witness testified regarding his experience and training in DUI investigation, and his expertise in accident investigation and reconstruction. When the State tendered the witness as an accident investigation and reconstruction expert, Alexander objected, stating it was improper for the trial court to inform the jury that the witness was an expert. Alexander felt such designation would inappropriately *949 confer additional credibility upon the witness's testimony.
The trial judge overruled Alexander's objection and responded to the objection in the jury's presence by referring to the witness as an expert. The witness then testified as an accident reconstruction expert. When instructing the jury prior to deliberations, the trial judge provided the instruction regarding the reliability of expert testimony. See Fla. Std. Jury Instr. (Crim.) 3.9(A). The instruction provides:
Expert witnesses are like other witnesses, with one exceptionthe law permits an expert witness to give [his][her] opinion.
However, an expert's opinion is reliable only when given on a subject about which you believe [him][her] to be an expert.
Like other witnesses, you may believe or disbelieve all or any part of an expert's testimony.
Id. (emphasis added).
At the time of the accident, Alexander told an officer that he had been drinking. Evidence was presented at trial that, prior to the accident, Alexander consumed between two and three alcoholic beverages while playing golf and an additional four alcoholic beverages afterward. Two blood samples were drawn from Alexander. One tested 0.23 grams percent blood alcohol level, and the other tested at 0.26 grams percent blood alcohol level.
Alexander's theory of the case was that the blood samples he had given had been switched with samples taken from another person. During the State's case-in-chief, Alexander cross-examined witnesses to establish the procedure utilized to test the blood samples he gave. There was also testimony indicating that the blood alcohol levels represented did not comport with the amount of alcoholic beverages Alexander allegedly consumed.
In order to support his theory that someone else's blood was tested, Alexander sought to present testimony of a DNA expert. The expert was listed on the State's witness list, but later removed. The DNA expert was not listed on Alexander's witness list. Additionally, Alexander conceded he was the driver of the automobile; therefore, DNA evidence was unnecessary to establish this fact and was excluded pursuant to a motion in limine. The expert's name had not been read to the jurors. However, the expert was ready to testify. A continuance was not necessary for the purpose of presenting the expert's testimony.
Several curative measures were suggested to prevent any prejudice to the State as a result of the absence of the expert on the Defendant's witness list. Alexander suggested that the expert's name be read to the jurors at that time. Additionally, the State requested a Richardson hearing and a one-week continuance in order to obtain the DNA testing Alexander claimed could have been conducted to ensure his blood was the blood with the elevated blood alcohol level.
The trial judge did not hold a Richardson hearing and accused the defense of "sandbagging." The trial judge determined that Alexander was required to list the DNA expert before she could testify. Therefore, the trial court excluded the testimony. No additional consideration was made regarding other available alternatives to excluding Alexander's proffered evidence. The trial court also did not consider whether the DNA expert's testimony would surprise the State.

II. EXCLUSION OF EXCULPATORY TESTIMONY IS REVERSIBLE ERROR
A trial court's decision to exclude evidence is reviewed for abuse of discretion. *950 Welty v. State, 402 So.2d 1159, 1163 (Fla.1981). While a trial judge has broad discretion to exclude evidence proffered by the defense, this discretion is not unlimited. Castaneda ex rel. Cardona v. Redlands Christian Migrant Ass'n, 884 So.2d 1087, 1093 (Fla. 4th DCA 2004).
This Court has previously determined that "[t]here are few rights more fundamental than the right of an accused to present witnesses in his or her own defense." Jenkins v. State, 872 So.2d 388, 389 (Fla. 4th DCA 2004). A defendant's fundamental right to defend himself or herself under the Sixth Amendment is denied when exculpatory evidence is excluded. Wessling v. State, 877 So.2d 877, 879 (Fla. 4th DCA 2004); Mattear v. State, 657 So.2d 46, 47 (Fla. 4th DCA 1995).
Under Richardson v. State, 246 So.2d 771, 775 (Fla.1971), a hearing should be held to determine the extent and nature of any prejudice resulting from a party's alleged discovery violation. A Richardson hearing requires the trial judge to "decide whether the discovery violation prevented the aggrieved party from properly preparing for trial ... [and] determine the appropriate sanction to invoke for the violation." Smith v. State, 372 So.2d 86, 88 (Fla.1979). Excluding exculpatory evidence is a drastic measure to cure prejudice to the State and should be used only as a last resort. Casseus v. State, 902 So.2d 294, 295 (Fla. 4th DCA 2005). Other curative measures should be explored prior to excluding exculpatory testimony.
As a result of Alexander's failure to list the DNA expert on his witness list, the trial court was required to hold a Richardson hearing prior to excluding the evidence, or imposing any other sanction. Delgado v. State, 890 So.2d 1269, 1271 (Fla. 5th DCA 2005). Failing to disclose a witness prior to trial is insufficient by itself to exclude that witness. Tomengo v. State, 864 So.2d 525, 529 (Fla. 5th DCA 2004); see also Lucas v. State, 376 So.2d 1149, 1151 (Fla.1979). A showing of prejudice to the opposing party is required. Lucas, 376 So.2d at 1151; see also Richardson, 246 So.2d at 775 (prejudice in preparation for trial).
Here, the State does not argue that it was prejudiced. Rather, the State argues that the DNA expert's testimony would be irrelevant. We believe the DNA expert's testimony was relevant. Alexander's counsel successfully argued that the amount of alcohol Alexander ingested did not comport with the test results presented by the State. The DNA expert's testimony would have bolstered Alexander's position that his blood was not the blood that was tested. See § 90.401, Fla. Stat. (2005). Furthermore, Alexander could have argued that the State had a duty to compare the DNA of his blood with the testing sample.
The State's position that the evidence was properly excluded based on surprise is likewise unsupported by the record. The DNA expert was listed by the State on its witness list. The witness's testimony was not foreign to the State. Additionally, such surprise could have more properly been avoided by allowing a recess of the proceedings so that the State could depose the DNA expert or hire another DNA expert to rebut the testimony. Wessling, 877 So.2d at 879. Granting the State's requested continuance would have prevented any prejudice or surprise.
Accordingly, we find that the trial court abused its discretion in excluding the testimony of the DNA expert. The trial court should have conducted a Richardson hearing as requested by the State in order to properly weigh any prejudice to the State. Delgado, 890 So.2d at 1271. Any prejudice *951 or surprise could have been avoided by permitting deposition or continuance. Since Alexander's fundamental right to present evidence in his defense was denied, the trial judge abused her discretion in excluding the DNA expert's exculpatory evidence. Alexander's ability to present a complete defense was harmed as a result.

III. REFERRING TO THE ACCIDENT RECONSTRUCTIONIST AS AN "EXPERT" WAS NOT ERROR
Having determined that the trial court erred in excluding the exculpatory evidence of the DNA expert, we do not have to reach the second contention on appeal. However, we hold that the trial court's reference to the accident reconstructionist as an "expert" was not harmful error under the facts presented here.
A trial judge is precluded from commenting on the weight of the evidence presented. See § 90.106, Fla. Stat. (2005); Brown v. State, 678 So.2d 910, 911 (Fla. 4th DCA 1996). The choice to designate a witness as an expert lies within the sound discretion of the trial court. Rose v. State, 506 So.2d 467, 470 (Fla. 1st DCA 1987); see also Fogelman v. State, 648 So.2d 214, 219 (Fla. 4th DCA 1994) (great latitude afforded in controlling witnesses). Reversal is appropriate where the trial judge abused his or her discretion in determining that a witness should be designated as an expert. See White v. State, 817 So.2d 799, 806 (Fla.2002).
Here, the trial judge simply stated that she would permit the testimony of the witness as an expert. Expert testimony is admissible as "expert" testimony. §§ 90.702-.706, Fla. Stat. (2005). The statement here does not amount to an inappropriate comment on the witness's credibility. However, the better procedure would have been to permit the witness to testify without reference to his or her status as an expert. When coupled with the court's instruction to the jury that expert testimony should be given the same weight as other witness testimony, we can find no abuse of discretion in the trial court's reference to the witness as an expert. See Fla. Std. Jury Instr. (Crim.) 3.9(A).

IV. CONCLUSION
Because the trial court erred in excluding the exculpatory testimony of the DNA expert, we reverse the conviction and sentence, and remand the case for a new trial.
Reversed and Remanded.
GUNTHER and FARMER, JJ., concur.