TAYLOR, J.
 

 Jimmy Scott appeals his criminal convictions for throwing a deadly missile into a vehicle, stalking, and battery. He contends that the trial court reversibly erred in excluding the exculpatory testimony of a defense witness at trial without considering a less drastic remedy. Because the record reflects that the trial court conducted a thorough
 
 Richardson
 
 hearing on the defendant’s late disclosure of the witness and properly found that the discovery violation resulted in procedural prejudice, which could not be overcome by any reasonable alternatives short of excluding the witness, we affirm.
 

 At trial, the following facts were established. Samantha Jones and the defendant had been dating for about five years and they had two children together. On February 8, 2007, they were no longer dating, but the defendant would still come around her home because of the children. When Jones woke up that morning, she
 
 *767
 
 saw the defendant lying on her couch. He asked her for money and then started arguing with her when she told him she did not have any. The defendant struck Jones in the ear with a telephone and then choked her. Jones asked him to leave, but he refused. When Jones tried to go comfort her crying baby, the defendant threatened to hit her and blocked her path for thirty minutes. When Jones drove away from the house, the defendant followed her in his car and pulled up beside her to yell at her. Jones drove to her mother’s house and called the paramedics. Because she feared the defendant, Jones later went to stay with her grandmother. The defendant called her grandmother’s house at least forty times a day and left threatening messages.
 

 On February 19, 2007, soon after leaving her grandmother’s house to drive her sister, Phylecia Boyd, and Phylecia’s two children to their home in Pompano Beach, Jones thought she saw the defendant’s car in a nearby meat market parking lot. Phylecia was in the front passenger seat and her children were in the back. Jones continued driving. Just as she pulled up to Phylecia’s house, Phylecia saw the defendant’s car two houses away. As Phyle-cia was getting out of the car, she saw the defendant running toward their car. Phylecia slammed the door shut, and Jones pulled away. As they drove off frantically, Phylecia saw the defendant raise his hand to throw something. Then she heard glass shatter. The defendant had thrown a concrete block through the passenger side rear vent window and shattered the glass. Phylecia’s daughters were covered with glass. The defendant then began to follow Jones’s car with his vehicle. He tried to hit her car, and bumped it once. During that time, Phyle-cia was on the phone with the police. The police directed them to go to a nearby police substation. Eventually, the police came to Phylecia’s house and recovered the concrete block from the back floorboard of Jones’s car.
 

 After jury selection, the defense invoked the sequestration rule and the trial court ordered all witnesses to remain outside until called to testify. Defense counsel informed the court that the defendant had just informed him that he wanted to call his sister, Marcella Scott, as a defense witness. Defense counsel acknowledged that she had not been listed as a witness. Further, because he had not had an opportunity to speak with Scott, he did not know the substance of her expected testimony. The court noted that the defendant had demanded a speedy trial, but at the end of the first day of trial testimony, the court allowed defense counsel to speak with Marcella Scott.
 

 The court held a
 
 Richardson
 
 hearing.
 
 [1]
 
 During the hearing, defense counsel represented that Scott would testify that she was with the defendant during the February 19th incident. According to Scott, the defendant received a call that day from the victim, Samantha Jones, who asked him to meet her at the meat market located near her grandmother’s house. She then called a second time and requested the defendant to meet her at her sister’s house in Pompano Beach. When Jones arrived in Pompano Beach, she saw Scott in the car with the defendant. Mistakenly thinking that Scott was the defendant’s girlfriend, Jones became upset, picked up a rock or brick, and smashed her own ear window. Her sister, Phylecia, ran into the house and came back out with something in her possession. Thinking that she had a gun, the defendant and Scott drove off.
 

 
 *768
 
 When the judge asked defense counsel why he had not complied with the discovery rules, the attorney stated that he had not known about the witness until that very day. Marcella Scott testified she had informed the defendant “from day one” that she was willing to testify. She also advised the court that she had been sitting in the courtroom during the victim’s testimony and had heard a portion of it. She admitted to having pled guilty to a felony and at least two misdemeanors in her lifetime. The prosecutor objected to allowing Scott to testify. He claimed prejudice because the state had not had an opportunity to depose Scott or run a background check for prior convictions. Further, because Scott had lived in Georgia, the state would have to obtain certified convictions from Georgia as well as from Florida on an emergency basis. The state also argued it would be prejudiced because Scott was present and had already heard some of the victim’s testimony.
 

 The trial judge ruled that there had been a discovery violation, which was both willful and substantial. She found that despite the fact that the defendant had long known about his sister’s availability to testify, he did not mention her as a witness until after the jury had been sworn. She also expressed concern about a violation of the sequestration rule and the additional investigation required as a result of the surprise testimony and revelations about the witness’s prior criminal record. The judge stated her belief that the defendant was not acting in good faith but purposefully trying to thwart the prosecution, including “dropping this witness on the lap of the prosecution at 1:30 yesterday, allowing her to sit in the courtroom without telling his attorney or telling the court, allowing her to hear all the testimony of the victim so that she can now maybe address her testimony and conform it to what she heard the victim testify.” The judge stated:
 

 I am mindful of the law, but I think that Mr. Scott has been knowingly and intelligently making certain decisions in this case to his advantage and to the prejudice of the state and to allow this witness to testify at this time would be and the court finds will be prejudicial to the state. The court is not allowing this witness to be called by the defense, finding that there is a
 
 Richardson
 
 discovery violation and that there is prejudice to the state in this matter that cannot be reasonably overcome based on the totality of the circumstances before the trial resumes at 3:00 p.m.
 

 The defendant argues on appeal that the trial court erred in excluding his witness without considering a less drastic remedy. The state counters that the trial court properly prohibited the witness from testifying in light of the circumstances surrounding the defense’s discovery violation and its showing of prejudice.
 

 A trial judge’s decision to exclude evidence is reviewed for abuse of discretion.
 
 Welty v. State,
 
 402 So.2d 1159, 1163 (Fla.1981);
 
 Alexander v. State,
 
 931 So.2d 946, 949 (Fla. 4th DCA 2006). Florida Rule of Criminal Procedure 3.220(d)(1)(A), requires the defense to furnish the state with a list of witnesses it expects to call at trial within a certain time period. Under Rule 3.220(n)(1), if the trial judge finds out during the course of the proceedings that either party has failed to comply with a discovery rule, the court may “prohibit the party from calling a witness not disclosed” or sanction the party in several other ways. Although the rules authorize a trial court to exclude a defense witness because of failure to disclose the witness, the law is well established that the exclusion of a witness is a severe sanction which should be resorted
 
 *769
 
 to only after alternative available remedies have been fully considered and deemed insufficient.
 
 See A.L.H. v. State,
 
 915 So.2d 242, 244 (Fla. 4th DCA 2005). As we have often declared, “ ‘there are few rights more fundamental than the right of an accused to present witnesses in his or her own defense.’ ”
 
 Alexander,
 
 931 So.2d at 950 (quoting
 
 Jenkins v. State,
 
 872 So.2d 388, 389 (Fla. 4th DCA 2004)). Exclusion of exculpatory evidence violates a defendant’s fundamental right under the Sixth Amendment to present a defense.
 
 Wessling v. State,
 
 877 So.2d 877, 879 (Fla. 4th DCA 2004) (citing
 
 Mattear v. State,
 
 657 So.2d 46, 47 (Fla. 4th DCA 1995)).
 

 In
 
 Wessling,
 
 we held that the trial court erred in excluding an undisclosed doctor from testifying in that case, but we pointed out that, under certain facts and circumstances, exclusion of a witness might be warranted.
 
 Id.
 
 at 879.
 
 See also A.L.H.
 
 at 244 (exclusion of a witness is permitted when a party’s discovery violation is purposeful, prejudicial and with intent to thwart justice). In this case, after holding a
 
 Richardson
 
 hearing, the trial court found that the defendant’s late disclosure of the witness was a willful and substantial violation of the discovery rules. The witness was not newly discovered, but was the defendant’s sister, whose whereabouts and willingness to provide favorable evidence were known to the defendant from the time his ease arose. The defendant, however, provided no justification for his eleventh-hour disclosure. The record reveals that the court weighed the prejudice to the state and explored the feasibility of curing that prejudice by means short of excluding the witness, such as a continuance or mistrial. The court ruled out these remedies as meaningful measures after finding that the defendant’s discovery violation was flagrant and intended to thwart justice and that the sequestration rule violation was an aggravating circumstance. Because we find no abuse of discretion in the trial court’s exclusion of the witness, we affirm the defendant’s convictions.
 

 Affirmed.
 

 WARNER and POLEN, JJ., concur.
 

 [1]
 

 .
 
 Richardson v. State.,
 
 246 So.2d 771 (Fla.1971).