DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYMOND GERMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1393

[May 18, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Geoffrey D. Cohen, Judge; L.T. Case No. 0901111CF10A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Raymond German was charged with violating the conditions of his probation after an initial conviction for stalking and battery. Appellant now challenges the trial court's exclusion of all of Appellant's witnesses as a discovery sanction during the violation of probation hearing. Because we agree that the trial court erred, we reverse and remand for a new hearing on the violation of probation charge.

## BACKGROUND

Appellant was initially charged with stalking and simple battery. He pleaded no contest to both counts and was sentenced to a total of eighteen months of probation. As a condition of probation, Appellant was prohibited from contacting the victim of the initial charges.

The day after his conviction, Appellant met with his probation officer and was instructed on all of the conditions of his probation. The following day, Appellant allegedly went to the victim's home. Two days later, he allegedly started calling the victim, making ten to fifteen calls per day for

the next three days.  The victim met with Appellant's probation officer to complete an affidavit regarding the calls.  While the victim was at the probation office, she received yet another call from the Appellant.  Both the victim and probation officer testified that they recognized the caller's voice as Appellant's.

Appellant was charged with violating his probation and the victim and probation officer testified to the events described above.

When Appellant attempted to call his first witness, the State objected that Appellant had not filed a witness list.  Defense counsel acknowledged this was true, but argued she had just found out about the witnesses and informed the State approximately an hour before the hearing.  Defense counsel offered to let the State Attorney speak to the witnesses, but the State Attorney informed the trial court that, due to time constraints prior to the hearing, she was unable to accept this offer.

The trial court sustained the objection to the first witness, finding the defense counsel's notice "totally inadequate."  The court found the discovery violation was "material, substantial and with prejudice to the State."  The court similarly excluded all other defense witnesses.

Appellant was allowed to testify and stated he never contacted the victim, and that she was the one who initiated the contact by coming to his home.  He denied calling the victim and stated he was "terrified" of the victim.

In light of the directly contradictory testimony, the trial court found that the probation officer and victim were credible, while Appellant was "on all material issues . . . not believable."  The trial court found Appellant violated his probation by contacting the victim and revoked his probation.  The trial court proceeded to sentencing and imposed the maximum statutory sentence for the underlying offense, five years in prison.  This appeal followed.

## ANALYSIS

Appellant admits to a discovery violation, but argues the trial court improperly struck his witnesses as a sanction.  A trial court's determination on a discovery violation is reviewed for an abuse of discretion.  *Tobin v. Tobin*, 117 So. 3d 893, 895 (Fla. 4th DCA 2013).  "Although 'the trial court has discretion to determine whether a discovery violation would result in harm or prejudice to the defendant, "the court's discretion can be properly exercised *only after the court has made an*

2

*adequate inquiry* into all of the surrounding circumstances.""" *Thomas v. State*, 63 So. 3d 55, 59 (Fla. 4th DCA 2011) (quoting *Barrett v. State*, 649 So. 2d 219, 222 (Fla. 1994)).

Probation hearings are governed by the usual rules of discovery found in Florida Rule of Criminal Procedure 3.220(d)(1)(A). *Cuciak v. State*, 394 So. 2d 500, 501 (Fla. 4th DCA 1981). Under that rule, defendants are required to provide "a written list of the names and addresses of all witnesses whom the defendant expects to call as witnesses at the trial or hearing." Fla. R. Crim P. 3.220(d)(1)(A). Appellant admits that he failed to comply with the requirements of the rule.

Where a discovery violation occurs, the trial court must conduct an adequate *Richardson* inquiry, "regardless of which party is at fault." *Delhall v. State*, 95 So. 3d 134, 161 (Fla. 2012) (discussing *Richardson v. State,* 246 So. 2d 771 (Fla. 1971)). We must therefore first determine if the *Richardson* inquiry was sufficient. In *Richardson*, the Supreme Court described what made an inquiry adequate.

> Without intending to limit the nature or scope of such inquiry, we think it would undoubtedly cover at least such questions as whether the [party's] violation was inadvertent or willful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability of the [other party] to properly prepare for trial.

*Richardson*, 346 So. 2d at 775. Here, the trial court made explicit findings that the violation was "material, substantial and with prejudice to the State." However, the trial court failed to make any oral or written findings about the willfulness of the violation. The trial court was required to do so as part of a complete *Richardson* hearing. *Id*.

The trial court also erred in crafting the sanction for this discovery violation. "If the trial court finds procedural prejudice, it can tailor a *just* remedial order, but '[r]elevant evidence should not be excluded from the jury unless no other remedy suffices.'" *Patterson v. State*, 419 So. 2d 1120, 1123 (Fla. 4th DCA 1982) (alteration in original) (quoting *Cooper v. State*, 336 So. 2d 1133, 1138 (Fla. 1976)).

> It is well-settled that when a discovery violation is committed by the State, exclusion of the evidence is viewed as an extreme sanction to be employed only as a last resort and only after the court determines no other reasonable alternative exists to overcome the prejudice and allow the witness to testify. . . .

> [T]his rule applies with equal or greater force when a defense witness or evidence is sought to be excluded for a defense discovery violation, because there are few rights more fundamental than the right of an accused to present evidence or witnesses in his [or her] own defense. The 'extreme sanction of excluding [defense] evidence' should be used only as a last resort and it is incumbent upon the trial court to determine whether any other reasonable alternatives can be employed to overcome possible prejudice. Here, exclusion of the evidence was actually the first resort, not the last.

*Delhall*, 95 So. 3d at 162-63 (final alteration in original) (citations omitted) (quoting *McDuffie v. State*, 970 So. 2d 312, 322 (Fla. 2007)); *see also Alexander v. State*, 931 So. 2d 946, 950 (Fla. 4th DCA 2006). Similarly, in this case the trial court did not explore other possible remedies before barring the Appellant's proposed witnesses. As in *Alexander*, "[a]ny prejudice or surprise could have been avoided by permitting deposition or continuance." *Alexander*, 931 So. 2d at 950-51.

## CONCLUSION

The errors committed by the trial court were not harmless under the standard set forth in *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986) (the State has the burden "to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction"). Accordingly, we reverse the order revoking Appellant's probation and remand for a new hearing on Appellant's alleged violation of probation.

*Reversed and remanded for new hearing.*

STEVENSON and GROSS, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

4