Gerber, J,
The defendant appeals from his convictions for burglary of a dwelling and grand theft of property valued at more-than $300, The defendant argues the trial court erred in two respects: (1). denying the defén- *936 dant’s motion for mistrial when the trial court unilaterally and errantly did not allow defense counsel to ask prospective jurors during voir dire if, in the absence of any evidence from the State, they could “believe” the defendant was innocent; and (2) denying the defendant’s motion for judgment of acquittal on the grand theft charge when the state failed to prove that the value of the stolen property was more than $300. On the first argument, we affirm. On- the second argument, we agree with the defendant and therefore reverse the grand theft conviction and remand to enter judgment and sentence for petit theft.
We write to address only the first argument. We present this opinion in three parts:
1. the procedural history; -
2. why the court erred in not allowing defense counsel to ask prospective jurors during voir dire if, in the absence of any evidence from the State, they could “believe” the defendant was innocent; and
3. why the court did not err in denying the defendant’s motion for mistrial.

1. Procedural History

During voir dire, the trial court instructed the jury on the presumption of innocence as follows:
In the United States, all defendants are presumed innocent. The presumption of innocence remains with the defendant throughout the course of the trial. It is up to the State to prove that the defendant is guilty beyond a reasonable doubt. Right now, the defendant is presumed innocent and he will remain so, unless and until the State proves otherwise. If I were to ask you right now to reach a verdict, your verdict would have to be not guilty. That is because, at this point, the State has not presented any evidence against the defendant.
During defense counsel’s questioning of the venire, defense counsel reiterated the presumption of innocence and began asking individual prospective jurors if, before the presentation of evidence, “Do you believe this man is innocent?” The first eight prospective jurors answered yes. When defense counsel questioned the ninth prospective juror, the following discussion occurred:
Defense Counsel: Do you believe this man is innocent?
Ninth Prospective Juror: Presumably. Defense Counsel: Okay. Playing with the words, but okay.
Ninth Prospective Juror: Presumed innocent.
Court: Actually, “presumed” is the word that comes straight from the instruction. Not “believe” ....
(quotation marks added). Defense counsel requested to come sidebar, where the following discussion occurred:
Defense Counsel: If they don’t believe he’s innocent, they don’t believe in the law.
Court: I think this confuses'the line of questioning. The State didn’t object but the ljuror] brought it up. There’s nowhere in the jury instruction where it says what you believe, what they believe. Defense Counsel: ... [The juror] didn’t bring it up.
Court: [The juror] just said it and you said played on the words.
Defense Counsel: ... [T]his bench is now taking a position that—I mean, taken the State’s position that clearly, the State did not object....
Court: I guess for you to ask them what they believe is not relevant. They must presume him innocent at this point. You *937 must presume him innocent. What their personal belief is—
Defense Counsel: I’m not asking for their personal belief.
Court: Do you believe that—
Defense Counsel: Do you believe that he’s innocent right now. That’s perfectly permissible.
Court: I disagree. I’m going to ask you to read it straight from the book on the presumption. ...
[[Image here]]
Defense Counsel: Judge, I find this highly irregular that the Court is doing this without the State objecting and 1 am requesting a mistrial.
(emphasis added).
The court overruled defense counsel’s objection without ruling on his motion for mistrial. The court then instructed defense counsel: “Read it straight from the book.” Instead of doing so, defense counsel asked the remaining prospective jurors if they “presume[d] this man innocent.”
At the end of defense counsel’s questioning, defense counsel renewed his motion for mistrial based on the trial court having intervened to prevent him from asking prospective jurors if, before the presentation of evidence, they could “believe” the defendant was innocent. Defense counsel pointed the court to Florida Standard Jury Instruction (Criminal) 3.7, which states, in pertinent part:
The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent,
(emphasis added). The court denied the motion for mistrial.
This appeal followed. The defendant argues the trial court erred in denying his motion for mistrial when the trial court unilaterally and errantly did not allow the defendant’s counsel to ask prospective jurors if, in the absence of any evidence from the State, they could “believe” the defendant was innocent. We review the trial court’s denial of the defendant’s motion for mistrial for an abuse of discretion. See Evans v. State, 177 So.3d 1219, 1234 (Fla. 2015) (“[W]here the trial court denied a motion for mistrial, we review that ruling under an abuse of discretion standard.”).
2. Why the court erred in not allowing defense counsel to ask prospective jurors during voir dire if, in the absence of any evidence from the State, they could “believe” the defendant was innocent.
As an initial matter, we conclude the trial court erred in not allowing the defendant’s counsel to ask, from the ninth prospective juror forward, if, in the absence of any evidence from the State, she could “believe” the defendant was innocent. Florida Standard Jury Instruction (Criminal) 3.7 (2013) states, in pertinent part:
The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the [information] [indictment] through each stage of the trial unless it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.
Fla. Std. Jury Instr. (Crim.) 3.7 (2015) (emphasis added). Given Instruction 3.7’s use of the word “believe,” the court should have allowed the defendant’s counsel to ask prospective jurors if, in the absence of any evidence from the State, they could “believe” the defendant was innocent.

3. Why the court did not err in denying the defendant’s motion for mistrial.

The court’s error was not so prejudicial as to require a mistrial. See Pagan v. *938 State, 830 So.2d 792, 814 (Fla. 2002) (“A motion for a mistrial should only be granted when an error is so prejudicial as to vitiate the entire trial.”). Defense counsel, without interruption,- was permitted to ask eight prospective jurors if, before the presentation of evidence, “Do you believe this man is innocent?” Those prospective jurors answered yes. After the court errantly prevented defense counsel from asking that question to the remaining prospective jurors, defense counsel still was able to ask the remaining prospective jurors if they “presumed” the defendant was innocent. The defendant has not argued that the court’s error altered his jury selection strategy or tainted the jury which was selected. And. during the court’s final instructions, the court read Instruction 3.7, including its admonition: “The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent.”
As for the court having intervened without the state having objected to defense counsel’s “believe” question, we conclude the court’s action was not so prejudicial as to require a mistrial. The defendant relies on Bursten v. United States, 395 F.2d 976 (5th Cir. 1968), for the proposition that reversible error occurs when a trial court habitmlly intervenes at trial.
However, Bursten is distinguishable. In Bursten, “[t]he thrust of [the defendant’s] contention [was] that [the trial court] intervened to such an extent (on an average of at least once in each three pages of the Transcript) that [the defendant] was dented the right to a fair trial guaranteed to him by the Constitution.” Id. at 982. Among the trial court’s more prejudicial comments in the jury’s presence were:
• “If [defense counsel] doesn’t prove it, I hope the jury will hold it against him, because he shouldn’t make that statement unless he has some proof.”
• “[Defense counsel], now get back to your own case, if you have a case.”
• “[Defense counsel], sit down and let the other attorney take over if you don’t know how to .cross examine this man.”
Id. at 983-84.
In reversing for a new trial, the appellate court stated:
If a trial court continually intervenes so as to unnerve defense counsel and throw [counsel] off balance, in a supposedly-fair trial, and causes [counsel] not to devote [counsel’s] best talents to the defense of [the] client, then this is ground for reversal, no matter what counsel’s experience and equipoise may be. Even if there is a basis for some criticism of overpartisanship[ ] of defense counsel, this does not justify unwonted and unnecessary continuous interruption.
Id, at 983 (emphasis added).
Here, unlike in Bursten, the court did not continuously intervene or interrupt during defense counsel’s voir dire. The court made one ruling regarding how the defendant’s counsel was allowed to phrase a question to potential jurors regarding the defendant’s presumption of innocence. The fact that the trial court errantly overlooked Instruction 3.7 in making this ruling ultimately did not unreasonably restrict defense counsel’s voir dire on the defendant’s presumption of innocence or prejudice defense counsel in the jury’s eyes.
These circumstances distinguish this case from other cases before this court in which a trial court’s more egregious actions amounted to error. See Campbell v. State, 812 So.2d 540, 542-43 (Fla. 4th DCA 2002) (trial court abused its discretion in allowing the state forty-five minutes and the defense only twenty minutes for voir dire, instructing defense counsel to “stay *939 away from anything I’ve gone over,” and ultimately prohibiting defense counsel from questioning the jurors about the state’s burden of proof, the defendant’s presumption of innocence, and the defendant’s right to remain silent); Brown v. State, 678 So.2d 910, 911-13 (Fla. 4th DCA 1996) (trial court prejudiced defense counsel by repeatedly criticizing defense counsel’s voir dire and criticizing defense counsel’s closing argument; court’s interjection conveyed that defense counsel had done something improper, and forcing defense counsel to apologize in jurors’ presence created stigma intensified by judge’s statement that he had never heard so much improper closing argument).

Conclusion

Based on the foregoing, the trial court did not abuse its discretion in denying the motion for mistrial. We affirm the defendant’s burglary conviction, reverse his grand theft conviction, and remand for the trial court to enter judgment and sentence for petit theft.

Affirmed in part, reversed in part, and remanded.

Levine and Klingensmith, JJ., concur.