IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BERNARD CHEREMONT,

     Appellant,

v.                                       Case No. 5D16-1360

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed April 28, 2017

Appeal from the Circuit Court
for Osceola County,
A. James Craner, Judge.

James S. Purdy, Public Defender, and Ali L.
Hansen, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Nora H. Hall, Assistant
Attorney General, Daytona Beach, for
Appellee.

COHEN, C.J.

Bernard Cheremont appeals from his conviction for misdemeanor battery. He argues that the trial court abused its discretion in denying his request for a brief recess to secure the presence of a key witness. We agree and reverse for a new trial.

This case began on a park basketball court where Cheremont and the victim, Isaiah Walter, were involved in a pick-up basketball game. Following a heated exchange, Cheremont punched Walter, knocking him to the ground. Walter's head hit the ground,

causing him to lapse into a seizure.[1] Walter suffered significant injuries, including a broken cheekbone and dislocated jaw as a result of being struck.

Charged with aggravated battery causing great bodily harm, Cheremont claimed to have acted in self-defense. The trial lasted two days, from Thursday morning to early Friday afternoon. The State presented four witnesses, only two of whom had actually witnessed the altercation. The State rested its case on Friday morning.

After the State rested, the defense indicated it wished to call two witnesses, Cheremont and his friend, Chris Athias, who was also playing basketball at the time of the altercation. Athias traveled from Pensacola to testify and was present throughout the week preceding trial. Although Athias was present at the courthouse on Thursday, when trial recommenced on Friday morning, he was not at the courthouse. As a result, defense counsel elected to call Cheremont to testify first, while sending Cheremont's mother to pick up Athias. Cheremont's testimony ended at approximately 11:25 a.m. Defense counsel requested a short recess to secure Athias's presence, asserting that his testimony would support Cheremont's claim of self-defense. Despite no objection from the State, the trial court denied the request to continue the proceedings. Instead, the court reviewed the jury instructions with the parties and required the State to begin its closing argument. Shortly thereafter, the trial court recessed the proceedings until 1:30 p.m. for a lunch break. The jury ultimately found Cheremont guilty of the lesser included offense of misdemeanor battery.

---

[1] Walter was prone to seizures prior to this incident.

The sole issue Cheremont raises on appeal is the trial court's refusal to allow the defense a brief recess to secure Athias's presence. We agree that the failure to allow a short recess in this case requires reversal.

A trial court's ruling on a motion to continue is reviewed for abuse of discretion. Jenkins v. State, 872 So. 2d 388, 390 (Fla. 4th DCA 2004). The court should grant the defendant's motion to continue to secure the presence of a witness if the defense demonstrates: "(1) prior due diligence to obtain the witness' presence; (2) that substantially favorable testimony would be forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance would cause material prejudice." T.J.M. v. State, 925 So. 2d 440, 440 (Fla. 5th DCA 2006) (citing Jenkins, 872 So. 2d at 388).

Cheremont met that burden in this case. It is undisputed that Athias traveled from Pensacola to testify and had been in attendance throughout the week, waiting for the case to be called for trial. He was at the courthouse throughout the first day of trial. According to Cheremont, Athias's testimony would have supported Cheremont's theory that he was acting in self-defense. Defense counsel informed the trial court that efforts were being made to secure Athias's presence and requested a brief recess in order to do so. Notably, the State did not object.[2] Finally, and perhaps most importantly, the trial

[2] Moreover, a solution was apparent—recess for lunch early and return at 1:00 p.m. rather than 1:30 p.m., allowing Cheremont an opportunity to secure Athias's presence. If the witness was still not at the courthouse, closing arguments could have proceeded at that point. We emphasize that the delay in the proceedings would have been minimal in this case. Generally, witnesses are expected to be available when called, and a trial court is not obligated to keep a jury and court personnel waiting to secure the presence of witnesses. Yet, there is a balance to be achieved between keeping a trial docket flowing in a timely manner and allowing for a minor delay in proceedings to accommodate unforeseen circumstances.

court's refusal to allow the recess denied Cheremont the opportunity to present witness testimony in support of his defense. Thus, there is no question that Cheremont was prejudiced by the trial court's denial of his request. See Jenkins, 872 So. 2d at 389 ("There are few rights more fundamental than the right of an accused to present witnesses in his or her own defense." (citing Chambers v. Mississippi, 410 U.S. 284, 302 (1973))). Accordingly, we conclude that Cheremont is entitled to a new trial in which he has the opportunity to present witness testimony to support his defense.

REVERSED AND REMANDED FOR A NEW TRIAL.

BERGER, J., and JACOBUS, B.W., Senior Judge, concur.