418 So.2d 483 (1982)
Andrew RUSSO, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2222.
District Court of Appeal of Florida, Second District.
September 1, 1982.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
CURTIS, CLINTON A., Associate Judge.
Andrew Russo challenges his conviction for two counts of witness tampering. He was accused of attempting to induce two persons, Anna Chisholm and John Tillis, to testify falsely in an impending trial.
We must reverse the trial court's judgment of guilt and ten year sentence because cross-examination of Tillis was restricted and impeachment testimony of defense witnesses against Tillis was excluded.
John Tillis was a crucial witness without whom the state's case would have been greatly weakened, in that he was the only witness to testify that Russo offered to pay him to testify falsely. Yet, the trial court sustained the state's objections to proffered testimony and ruled that defense counsel could not ask Tillis about his own past attempts to testify falsely and to make himself unavailable as a witness in previous litigation.
In addition, testimony of three witnesses who were involved in Tillis' past misconduct was excluded by the trial court on the basis that they would not be testifying as to any *484 facts surrounding the instant case and that they were not character witnesses.
We can find no justification for the restriction of appropriate cross-examination and exclusion of the testimony of these three defense witnesses. Because Tillis' story was so crucial to the state's case, omission of any evidence relating directly to his credibility was harmful and prejudicial to the defense. Godorov v. State, 365 So.2d 423 (Fla. 2d DCA 1978), cert. denied, 376 So.2d 76 (Fla. 1979); Williams v. State, 386 So.2d 25 (Fla. 2d DCA 1980).
Therefore, the judgment and sentence must be reversed and the cause remanded for a new trial.
DANAHY, A.C.J., and SCHOONOVER, J., concur.