442 So.2d 316 (1983)
Randolph DUKES, Appellant,
v.
STATE of Florida, Appellee.
No. 83-601.
District Court of Appeal of Florida, Second District.
December 2, 1983.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and M. Ann Garrison, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals his conviction for robbery after a trial in which testimony of certain defense witnesses was excluded. We reverse.
At trial one of the state's witnesses was a former cellmate of defendant who testified that defendant had admitted to him committing the robbery and had given him a description of the crime which occurred in a restaurant restroom. When defendant took the stand, defendant denied the crime and testified that the former cellmate had motivation to lie about defendant's alleged confession because he and the former cellmate had had a sexual relationship when previously in jail together and, during their most recent incarceration together, defendant had rebuffed the cellmate's advances and refused to rekindle the relationship. Defendant also testified that the cellmate had had the chance to see some of defendant's legal papers relating to the robbery case and therefore would have been able to learn from that source rather than from defendant himself the facts of the crime *317 that were supposedly given in defendant's confession to the cellmate.
Defendant then proffered the testimony of three inmates of the Lee County jail who could testify about the cellmate's opportunity to see defendant's legal papers and about scenes they had witnessed between defendant and the cellmate relative to the alleged motivation of the cellmate to lie at trial. The trial court excluded the testimony of the three inmates. Defendant appeals that ruling.
The credibility of a witness may be attacked by showing that the witness is biased. § 90.608(1)(b), Fla. Stat. (1981). As this court stated in Webb v. State, 336 So.2d 416, 418 (Fla.2d DCA 1976), in concluding that the testimony of a defense witness had been wrongfully excluded, "Bias or prejudice of a witness has an important bearing on his credibility, and evidence tending to show such bias is relevant." The state argues that the proffered testimony was unnecessary because it was cumulative to defendant's own testimony. However, we do not believe that under the facts of this case defendant, whose credibility as well as that of his former cellmate was a critical issue, should have been prevented from presenting corroborating testimony. See Russo v. State, 418 So.2d 483 (Fla.2d DCA 1982).
The state argues that any error in excluding the testimony was harmless. We do not agree. The evidence of guilt was by no means overwhelming. In addition to attacking the confession testimony, defendant presented an alibi defense which was corroborated by three other witnesses (his mother, sister, and girl friend). Other than the former cellmate and an investigative police officer, the state presented only the testimony of the robbery victim. The victim identified defendant as the robber, having initially identified defendant from police photographs. The victim testified that the robber had grabbed him from behind and that his only view of the robber was as the robber was running away. The victim's testimony contained contradictions relative to whether he had known defendant's name before hearing it from a bystander, and he testified that the last time his eyes were checked he was told, "You can't see too good." See Webb v. State, supra.
REVERSED AND REMANDED FOR A NEW TRIAL.
BOARDMAN, A.C.J., and SCHEB, J., concur.