PER CURIAM.
The appellant, Luis Talavera, challenges the judgment and sentence entered after he was found guilty of trafficking in cocaine. We reverse.
During the state’s case in chief, counsel for the appellant objected to the introduction of testimony by two of the state’s witnesses on the basis that the state had violated the rules of discovery. Similarly, during the presentation of the defense, the state objected to the introduction of certain pieces of physical evidence alleging that the defense had not complied with the rules of discovery in regard to such evidence. The trial court ruled adversely to the appellant on each of these objections without fully inquiring as to whether the alleged violations were inadvertent or willful, whether they were trivial or substantial, and whether they had a prejudicial effect on the opposing party’s ability to prepare for trial as required by Richardson v. State, 246 So.2d 771 (Fla.1971). Failure to hold a Richardson hearing is per se reversible error, without regard to the harmless error rule. See Brown v. State, 515 So.2d 211 (Fla.1987); Smith v. State, 500 So.2d 125 (Fla.1986).
We, accordingly, reverse the appellant’s judgment and sentence and remand for a new trial.
Reversed.
DANAHY, C.J., and SCHEB and SCHOONOVER, JJ., concur.