725 So.2d 1150 (1998)
Thomas Gaetano LIVIGNI, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00752.
District Court of Appeal of Florida, Second District.
November 6, 1998.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Thomas Gaetano Livigni appeals his convictions for aggravated battery and obstructing an officer without violence. Because we agree with Livigni's contention that the trial court improperly excluded the testimony of a defense witness, we reverse and remand for a new trial.
The defense listed Smith as a witness a week prior to trial, but had not been able to subpoena her. When Smith showed up at the court during trial, the State argued a discovery violation and asked the court to strike the witness based on the fact that the defense had not served Smith. The court recessed to allow the State to depose Smith. When the court reconvened, the State argued it had been prejudiced and the court ruled that Smith would be excluded.
Under Florida Rule of Criminal Procedure 3.220(d)(1)(A) & (j), a defendant has a continuing duty to furnish to the prosecutor the name and address of a witness *1151 whom the defendant expects to call at trial. When a disclosure obligation is violated, the trial court is required to make an adequate inquiry into all the circumstances, including whether the violation was inadvertent or wilful, trivial or substantial, and whether noncompliance with the rule has prejudiced the ability of the opposing party to properly prepare for trial. See Richardson v. State, 246 So.2d 771, 775 (Fla.1971). Late discovery or location of a witness does not constitute prejudice per se. See Weiand v. State, 701 So.2d 562, 564 (Fla. 2d DCA 1997), review granted, No. 91,925, ___ So.2d ___ (Fla. Mar. 24, 1998). "[O]ften a very brief recess, during which the parties work cooperatively to address the situation, provides sufficient preparation" for the newly discovered evidence. Id. However, where there is no wilful discovery violation, the court should not consider sanctions.
Here, the trial court erred by imposing the sanction of exclusion because there was no showing of a discovery violation. This error was not harmless because the aggravated battery charge turned on a credibility contest between the defendant and the victim, and the excluded witness would have impeached the victim's credibility. See Dukes v. State, 442 So.2d 316, 317 (Fla. 2d DCA 1983) (error not harmless where trial court excluded defense witness whose testimony would have supported the defendant's credibility). Furthermore, even if a discovery violation had been demonstrated, the severe sanction of witness exclusion should be a last resort reserved for extreme or aggravated circumstances. See State v. Schwartz, 605 So.2d 1000 (Fla. 2d DCA 1992).
Accordingly, we reverse the judgment and sentence and remand for a new trial.
BLUE, A.C.J., and CASANUEVA, J., concur.