864 So.2d 525 (2004)
Carl D. TOMENGO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-312.
District Court of Appeal of Florida, Fifth District.
January 9, 2004.
*527 Daniel D. Mazar of Mead & Mazar, Winter Park, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Carl D. Tomengo appeals his conviction of sexual battery. He contends that the trial court erred when it excluded a latedisclosed exculpatory defense witness and limited his cross-examination of the victim. We agree and reverse for a new trial.
On the day before Tomengo's trial was set to begin, Tomengo's court-appointed counsel[1] filed a supplemental witness list, naming Ronnie Shealy as a defense witness for the first time. The State immediately moved to exclude Shealy because of his late disclosure. The next day, immediately prior to jury selection, the court conducted a Richardson[2] hearing. Tomengo's attorney, while conceding that Shealy had been disclosed late, advised the court that Shealy had been made available to the State the previous day, but the State had declined the opportunity to talk with him. Tomengo's attorney also informed the court that she had experienced difficulty *528 contacting Shealy in the course of her trial preparation and had not determined until the day before jury selection that Shealy would be a useful defense witness. The State argued that the late disclosure prejudiced the State and asked the court to exclude the witness. Without making any of the findings required by Richardson, or exploring options other than exclusion, the court excluded Shealy's testimony.
We find that Shealy's testimony was potentially exculpatory as it offered support for Tomengo's defense. Tomengo, the victim's uncle, lived with the victim in her home at the time of the alleged incident. The victim alleged that Tomengo sexually battered her. From the outset, Tomengo contended that no sexual contact had taken place; rather, he alleged that the victim fabricated the allegations because she wanted him out of her house. The victim was the designated payee of Tomengo's social security disability payments, and Tomengo alleges that a financial dispute ensued when he asked for more spending money. Tomengo contends that the victim refused to give him more of his money because she said she needed it to "straighten up her mortgage."
At trial, Shealy's testimony was proffered to the court. Shealy testified that he met the victim through Tomengo. When Shealy went to the victim's house to pick up Tomengo, the victim told him that she had Tomengo arrested. Specifically, Shealy testified to the following exchange:
A. I said, "Well, what are you having him arrested for?" And then she made the statement, she said, "Well, I had him arrested for rape." I said, "For rape?" She said, "Yeah, that's the only way I could get him out of my house was to have him arrested for rape."
Q. And what was your response to that?
A. I told her, you know, that's not right to do somebody like that.
Q. Her response?
A. She is, "Well, that's the only way I could get him out of my house."
Shealy also testified that the victim told Tomengo she was sorry, and wanted to drop the "whole thing," but couldn't drop the case because "they" would then have to charge her.
Rulings on discovery and evidentiary issues are generally left to the discretion of the trial court and are reviewable under the abuse of discretion standard. See, e.g., State v. Tascarella, 580 So.2d 154 (Fla.1991). An alleged abuse of discretion is judged by the general standard of reasonableness; in other words, if reasonable people could differ as to the propriety of an action taken by the trial court, the action is not unreasonable. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983).
Although a trial court may have the discretion to exclude the testimony of a witness as a sanction for violating Florida Rule of Criminal Procedure 3.220, such discretion cannot be properly exercised without a court inquiry into the circumstances surrounding the discovery violation. See Zeigler v. State, 402 So.2d 365, 372 (Fla.1981). The trial court must make an adequate inquiry into all of the surrounding circumstances which "`without... [limiting] the nature and scope of such inquiry ... would undoubtedly cover at least such questions as whether the ... [offending party's] violation was inadvertent or wilful, whether the violation was trivial or substantial, and most importantly, what effect, if any, did it have upon the ability ... [of the opposing party] to prepare for trial.'" Richardson v. State, 246 So.2d 771, 775 (Fla.1971) (quoting Ramirez v. State, 241 So.2d 744, 747 (Fla. 4th DCA 1970)). A Richardson inquiry is designed *529 to "ferret out procedural prejudice occasioned by a party's discovery violation." Smith v. State, 372 So.2d 86, 88 (Fla.1979). "First, the judge must decide whether the discovery violation prevented the aggrieved party from properly preparing for trial. Second, the judge must determine the appropriate sanction to invoke for the violation." Id.
The failure of a party to timely disclose a witness in discovery is not, in and of itself, a sufficient ground to exclude that witness. See Lucas v. State, 376 So.2d 1149, 1151 (Fla.1979); Bradford v. State, 278 So.2d 624, 626 (Fla.1973). Late disclosures are disruptive, and, are, at times, unprofessional, if caused by counsel's dilatory trial preparation. Whether the exclusion of the witness is the appropriate remedy depends on the totality of the circumstances, including the factors indicated in Richardson, most importantly, whether it has prejudiced the opposition's ability to prepare for trial. See Richardson, 246 So.2d at 775.
The trial judge must determine whether a discovery violation has hindered or prevented an aggrieved party from properly preparing its case for trial, and only if the judge finds that there has been such prejudice, may he impose a remedy. See Dorry v. State, 389 So.2d 1184, 1186 (Fla. 4th DCA 1980). Once prejudice is determined, the court may fashion an appropriate remedy, but "relevant evidence should not be excluded from the jury unless no other remedy suffices." Cooper v. State, 336 So.2d 1133, 1138 (Fla.1976). A court should not exclude a witness except under the most compelling of circumstances. In a criminal case, exclusion of a defense witness because of a discovery violation implicates the defendant's sixth amendment right to present witnesses as well as the fundamental right to due process. See Taylor v. Illinois, 484 U.S. 400, 414, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988).
Under rule 3.220, the defense in a criminal case is required to disclose the names and addresses of the witnesses that it expects to call at trial within fifteen days following receipt of the State's discovery disclosures. Excluding a defense witness because the defense failed to disclose the witness, or to timely disclose the witness, is a "severe sanction" that "should be a last resort reserved for extreme or aggravated circumstances." Livigni v. State, 725 So.2d 1150, 1151 (Fla. 2d DCA 1998). The decision of the trial court to exclude a defense witness because of a discovery violation should balance "the propositions that the reciprocal rules of discovery should be followed so long as the defendant is not denied his fundamental right to defend himself." Woody v. State, 423 So.2d 971 (Fla. 4th DCA 1982).
We conclude that the Richardson hearing conducted here was inadequate because the court failed to make the findings required by Richardson and failed to consider alternatives other than exclusion of the witness, such as sanctioning counsel, continuing the trial, or both. An inadequately conducted Richardson inquiry will generally result in reversible error when a relevant witness is excluded from testifying. See, e.g., M.N. v. State, 724 So.2d 122 (Fla. 4th DCA 1998). The exclusion of a witness is such an extreme remedy that this court has said:
Although it is within the judge's discretion to exclude witnesses that most extreme sanction should never be imposed except in the most extreme cases, such as when [the violation is] purposeful, prejudicial and with intent to thwart justice.
O'Brien v. State, 454 So.2d 675, 677 (Fla. 5th DCA 1984); see Patterson v. State, 419 So.2d 1120, 1122 (Fla. 4th DCA 1982) *530 (holding that "exclusion is a severe remedy that raises very serious questions concerning the fairness of the judicial process.")
In Wilkerson v. State, 461 So.2d 1376, 1379 (Fla. 1st DCA 1985), the first district court stated:
Relevant evidence should not be excluded from the jury unless no other remedy suffices, and it is incumbent upon the trial court to conduct an adequate inquiry to determine whether other reasonable alternatives can be employed to overcome or mitigate any possible prejudice.
In this case, the trial court did not adequately explore other avenues to rectify the prejudice to the state, such as ordering a recess or continuance, although specifically requested by the defense. The assistant state attorney's argument that a recess to enable him to depose the witness would not solve the prejudice since he would still be deprived of the possibility of obtaining impeachment evidence concerning ... [the defense witnesses] is unavailing since this is always the case when one whose name was not on the witness list is permitted to testify.
(Citations omitted).
Nothing in the circumstances of this case suggests that the discovery violation was purposeful, prejudicial and with intent to thwart justice. We conclude that it was error to exclude Ronnie Shealy's testimony. His testimony would have been a direct challenge to the credibility of the victim as it cast doubt about her motive for having Tomengo arrested. Shealy's testimony clearly supports the inference that falsely claiming to have been "raped" was, in the victim's mind, the only way she could get Tomengo out of her house. Exposing a motivation for a witness to testify untruthfully at trial is "the principal means by which the believability of a witness and the truth of his testimony are tested." Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).
In addition, the trial court excluded cross-examination of the victim regarding a gun being fired in her house, and a stolen car in her yard. Tomengo alleged that he had argued with the victim because a stolen automobile had been brought into her yard by her godbrother who also fired a gun in the house. Defense counsel argued that these incidents were relevant to show an atmosphere of tension or animosity between Tomengo and the victim. Tomengo's defenses centered on his contention that the victim pursued sexual battery charges against him as a way of getting back at him.
That a defendant has the right to fully cross-examine an adverse witness to reveal any bias, prejudice, or improper motive the witness may have in testifying against the defendant is a fundamental tenant of due process. See Yolman v. State, 469 So.2d 842, 843 (Fla. 2d DCA 1985). The right to a full cross-examination is especially necessary when the witness being cross-examined is the key witness on whose credibility the State's case relies. Id.
Evidence of bias, prejudice or interest is admissible as long as it tends to establish that a witness is appearing for any reason other than just to tell the truth. See Hannah v. State, 432 So.2d 631 (Fla. 3d DCA 1983). A defendant, as a matter of right, may cross-examine a State witness with respect to his motive, interest, or animus, which is connected to the cause or to the parties to the cause. See Sweet v. State, 235 So.2d 40, 42 (Fla. 2d DCA 1970). The trial court does not have the discretion to exclude questions which touch upon interest, motive, or animus. See Purcell v. *531 State, 735 So.2d 579, 580 (Fla. 4th DCA 1999).
Tomengo's attorney tried to introduce evidence through cross-examination tending to show that there was hostility between Tomengo and the victim. Such evidence would have supported Tomengo's contention that the victim wanted him out of the house for reasons other than the alleged sexual battery. Thus, the evidence tended to show the victim's bias, motive, interest, or animus, and should have been admitted.
REVERSED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] Tomengo's appellate counsel did not represent him at trial.
[2] Richardson v. State, 246 So.2d 771 (Fla. 1971).