890 So.2d 1269 (2005)
Angel DELGADO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3856.
District Court of Appeal of Florida, Fifth District.
January 21, 2005.
*1270 James S. Purdy, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Angel Delgado, seeks a new trial based on a ruling of the trial court that denied him his right to present a witness because of a purported discovery violation. Because the trial court failed to conduct a Richardson[1] hearing concerning the witness disclosure, and because the trial court made none of the findings required by Richardson before excluding the defense witness, we agree that Mr. Delgado is entitled to a new trial.
A jury found Mr. Delgado guilty of one count of aggravated battery with a deadly weapon or by causing great bodily harm, in violation of section 784.045(1)(a)1 and (1)(a)2, Florida Statutes (2003). The criminal charge grew out of a fight between Mr. Delgado and his brother with two other persons. After the State rested, Mr. Delgado attempted to call to the stand a woman who was a witness to the confrontation. Her testimony would arguably have provided evidence for Mr. Delgado's *1271 self-defense argument, and would, as well, have supported his position that someone else stabbed the victim. When Mr. Delgado called the witness to the stand, however, the State objected because of an asserted late disclosure.
The State advised the trial court that the defense had disclosed the witness about six days before the start of the trial period, and that the prosecutors "did not have adequate time to schedule her deposition." Defense counsel indicated that he had provided the name of the witness as soon as he learned of it, and that "I would have been more than willing, if I received an affirmative request from the office (of the State Attorney), to arrange for some type of communication, but I never had anybody from the office contact me." After a brief argument, and without holding a Richardson hearing, or making any of the findings required by that decision, the trial court granted the motion to exclude the witness. The trial court erred.
The defendant in a criminal case has a right under both the Sixth Amendment to the United States Constitution, and the due process clause, to present witnesses in defense of a charge. A trial court, therefore, should not exclude a witness except under the most compelling of circumstances. See Taylor v. Illinois, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988); Tomengo v. State, 864 So.2d 525 (Fla. 5th DCA 2004). In order to ascertain whether the constitutional rights of the defendant in such circumstances are properly protected, the Florida Supreme Court set out a procedure for trial courts to follow in Richardson v. State, 246 So.2d 771 (Fla.1971). Under Richardson, if there is a discovery violation, the trial judge must first decide whether the violation prevented the aggrieved party from properly preparing for trial. If the court so finds, it must then fashion the appropriate sanction to be invoked. See Smith v. State, 372 So.2d 86 (Fla.1979).
Rule 3.220, Florida Rules of Criminal Procedure, requires defense counsel to disclose the names and addresses of the witnesses it expects to call at trial within fifteen days following receipt of the State's discovery disclosures. Mr. Delgado clearly did not meet this deadline. Nevertheless, excluding a defense witness for failure of timely disclosure is a "severe sanction," that "should be a last resort reserved for extreme or aggravated circumstances." Livigni v. State, 725 So.2d 1150, 1151 (Fla. 2d DCA 1998); see also Tomengo, 864 So.2d at 529; State v. Powell, 566 So.2d 588 (Fla. 3d DCA 1990). Certainly, less draconian measures were available in the present case. More importantly, a trial court is absolutely required to conduct a Richardson hearing before imposing any sanction, let alone excluding a witness. See Smith v. State, 500 So.2d 125 (Fla.1986); cf., Talavera v. State, 523 So.2d 1258 (Fla. 2d DCA 1988). Reversal is required for a failure to conduct the hearing unless the error is harmless. See State v. Schopp, 653 So.2d 1016 (Fla.1995).
In the present case, since the trial court failed to conduct a Richardson hearing, it could not make any of the required findings. It is clear, moreover, that the error committed as a result of the exclusion of the defense witness in the present case was beyond harmless. As a result, Mr. Delgado is entitled to a new trial.
We have considered the other matters raised by Mr. Delgado in this appeal, and have found them to be without merit.
REVERSED and REMANDED.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla.1971).