DAVIS, Judge.
Victor Perez challenges his conviction and sentence for robbery with a weapon. Because the trial court improperly limited Perez’s counsel in her cross-examination of the victim’s identification testimony, we reverse.
Perez was charged by information with taking a credit card from a female victim through use of force. It was further alleged that Perez carried a knife during the robbery. There was no physical evidence linking Perez to the attack; the State’s case was based entirely on the victim’s eyewitness identification.
Perez filed a motion to suppress the identification due to the procedures used during the investigation. Although the *365 victim did not identify anyone in the first photo-pack shown to her, she did select Perez from the second photo-pack. The only picture appearing in both photo-packs was that of Perez. Following this photo identification, the victim was taken to the police station where she identified Perez as he sat in a room with a detective. Perez argued that these procedures tainted the identification. The trial court denied the motion to suppress, and the case proceeded to trial on the same day that the suppression hearing was held.
At trial, the victim again identified Perez as her assailant. However, during cross-examination of the victim, Perez’s attorney referred to the victim’s prior identification of Perez’s picture in the photo-lineup, asking: “[I]sn’t it true you turned to Detective Craddock and asked him, You’re sure that’s the one?” In response, the victim replied, “Not to my recollection.” The defense attorney then addressed the trial court, advising that her recollection of the victim’s testimony at the suppression hearing earlier that day was that the victim did in fact ask the detective that question. The attorney then asked for time to obtain a copy of the transcript of the suppression hearing for impeachment purposes. The trial judge denied that request, observing that he did not remember her making such a statement.[1] Perez’s attorney then asked for some “latitude” in further cross-examining the victim by allowing her to remind the victim of what she had said. The trial court also denied that request. Based only on the victim’s identification testimony, the jury found Perez guilty as charged.
Perez raises three issues on appeal. We affirm the trial court’s decision to deny the motion to suppress without discussion. However, we conclude that the trial court erred -in denying Perez the opportunity to obtain a copy of the transcript of the suppression hearing for impeachment purposes and in denying the attorney the opportunity to cross-examine the witness on that issue. Because we determine that these errors were not harmless, we reverse.
On appeal, we review a trial court’s limitation of cross-examination for an abuse of discretion. See Docekal v. State, 929 So.2d 1139 (Fla. 5th DCA 2006).
Full cross-examination of a witness on a subject opened by direct examination is an “absolute right.” Coco v. State, 62 So.2d 892, 894 (Fla.1953). This cross-examination is “especially necessary” when the witness being cross-examined is the State’s key witness, upon whom the credibility of the State’s case depends. Tomengo v. State, 864 So.2d 525, 530 (Fla. 5th DCA 2004). A trial court commits reversible error when it prohibits cross-examination that seeks to elicit facts that are “ ‘germane to that witness’ testimony and plausibly relevant to the theory of defense.’ ” Bertram v. State, 637 So.2d 258, 260 (Fla. 2d DCA 1994) (quoting Pace v. State, 596 So.2d 1034, 1035 (Fla.1992)). The purpose of cross-examination includes the attempt “(1) to weaken, test, or demonstrate the impossibility of the testimony of the witness on direct examination and, (2) to impeach the credibility of the witness.” Steinhorst v. State, 412 So.2d 332, 337 (Fla.1982). The United States Supreme Court opined that, on cross-examination, counsel “is not only permitted to delve into the witness’ story to test the witness’ perceptions and memory, but the cross-examiner has traditionally been allowed to im *366 peach, i.e., discredit, the witness.” Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).
In this case, the victim was the only witness who could tie Perez to the attack. At the suppression hearing, she volunteered that she had asked the detective for confirmation after she identified the picture of Perez in the photo-lineup. This would have been relevant evidence for the jury to consider in determining the reliability of her later identification of Perez at the police station and then at trial. Additionally, Perez was entitled to impeach the witness’ credibility. That the victim remembered the exchange with the detective well enough to volunteer the information at the suppression hearing, but then did not remember the conversation only a few hours later at trial, is a potential contradiction that Perez could argue as impeachment. The trial court’s denial of Perez’s attorney’s requests denied Perez the opportunity to fully present his defense.
The record implies that the transcript of the suppression hearing had not been typed as of the time of the victim’s testimony at trial. However, Perez was entitled to have a copy of the transcript for use at trial. See Britt v. North Carolina, 404 U.S. 226, 227, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). Although the trial judge may not have remembered the victim’s testimony from the suppression hearing, the brief time it would have taken to have asked the court reporter to find that portion of the hearing notes would not have unduly burdened the trial schedule. Had the trial judge been aware that the witness had in fact made that statement, he might have ruled differently in light of the importance to Perez’s defense. However, the denial of counsel’s request to obtain a copy of that portion of the suppression hearing transcript for use in further cross-examination of the witness was an abuse of discretion that effectively denied Perez his fundamental right of cross-examination. See Russo v. State, 418 So.2d 483, 484 (Fla. 2d DCA 1982) (concluding that the witness’ story was “so crucial to the [Sjtate’s case [that] omission of any evidence relating directly to his credibility was harmful and prejudicial to the defense”).
Reversed and remanded.
CANADY, J., and CRENSHAW, MARVA L., Associate Judge, Concur.

. A review of the transcript of the suppression hearing reveals the following statement by the victim: "And then I asked [Detective Crad-dock], Are you sure that I picked the right person? Or something to that effect.” Upon Perez's attorney’s inquiry as to the detective's response, the victim advised that "[h]e just nodded.”