970 So.2d 857 (2007)
Raul PINTADO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-561.
District Court of Appeal of Florida, Third District.
November 14, 2007.
*858 Bennett H. Brummer, Public Defender, and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
SUAREZ, J.
The defendant appeals the order revoking his probation. We affirm.
The defendant contends that the trial court violated his due process rights by excluding defense witnesses whom he listed on the day of the probation violation hearing. The State asserts that the trial court properly excluded the witnesses after conducting a Richardson[1] hearing, and that any error was harmless beyond a reasonable doubt.
The defendant was serving probation for lewd and lascivious acts on a child when the State alleged that he violated probation by, among other things, stabbing his girlfriend and driving a stolen truck. *859 The case had been pending for two years and had been continued at least two times at the request of the defendant. The defense provided a list of witnesses on the day of the probation violation hearing. The State objected and the trial court conducted a Richardson hearing. The defense proffered that the witnesses would impeach the victim's deposition on matters such as her prior drug use, her children, and history of hitting the defendant, and would testify about the victim's reputation for truthfulness in the community. The State objected on the grounds that these witnesses included the defendant's relatives who could have been listed during the two years the case was pending. The State claimed that it was prejudiced because it had not received a copy of the victim's deposition which was allegedly going to be challenged, and was unable to conduct background investigations on the new witnesses or otherwise refute their testimony. The trial court found that a discovery violation occurred, that it was substantial and not trivial, and excluded the witnesses. The court revoked the defendant's probation and sentenced him to fifteen years imprisonment with credit for time served. The defendant seeks a new probation violation hearing. We review the trial court's decision to exclude evidence for abuse of discretion. Alexander v. State, 931 So.2d 946, 949 (Fla. 4th DCA 2006).
A defendant in a criminal case has a right under the Sixth Amendment and the due process clause to present witnesses in defense of a charge. Delgado v. State, 890 So.2d 1269, 1271 (Fla. 5th DCA 2005); see also Cuciak v. State, 410 So.2d 916, 918 (Fla.1982) ("Fair play and justice require that a defendant in a probation revocation hearing be entitled to reasonable discovery pursuant to rule 3.220."). Under Richardson v. State, 246 So.2d 771 (Fla.1971), if there is a discovery violation, the trial judge must first decide whether the violation prevented the aggrieved party from properly preparing for trial. If a court determines that a discovery violation has indeed occurred, "it must then fashion the appropriate sanction to be invoked." Delgado, 890 So.2d at 1271. "[E]xcluding a defense witness for failure of timely disclosure is a `severe sanction,' that `should be a last resort reserved for extreme or aggravated circumstances.'" Delgado, 890 So.2d at 1271 (quoting Livigni v. State, 725 So.2d 1150, 1151 (Fla. 2d DCA 1998)).
The trial court conducted a Richardson hearing after the State objected to the defendant's new witnesses. It appears that the trial judge immediately concluded that a discovery violation occurred. The defense proffered that the witnesses would testify regarding the victim's specific bad acts regarding her prior drug use, history of domestic violence with the defendant, and issues regarding her children. Defense counsel explained that the witnesses' testimony would contradict the victim's deposition statements denying these bad acts, and therefore demonstrate that she lies. Character testimony regarding a victim's reputation for truthfulness is admissible. §§ 90.404(1)(b), 90.609, Fla. Stat. (2006). A witness may also be impeached with statements that are inconsistent with the witness' trial testimony. § 90.608, Fla. Stat. (2006). Here, the defense sought to call witnesses to impeach the victim on collateral matters such as drug use. The trial court did not abuse its discretion by prohibiting this improper impeachment. Ruland v. State, 614 So.2d 537 (Fla. 3d DCA 1993) (trial court did not err by excluding evidence of victim's drug use and possession of drug paraphernalia; the evidence was not offered to impeach the victim, but attacked the victim's character by *860 suggesting that the victim was a drug dealer or user).
Nor did the trial court abuse its discretion by excluding evidence that the victim previously hit the defendant. Such evidence is not relevant and would not be admissible. The issue at the hearing was whether the defendant had stabbed his girlfriend or she injured herself by falling on the knife. Whether or not she had hit him on prior occasions was collateral and not relevant to the issue. This testimony was being introduced only to show bad character and would not be admissible as, generally, evidence regarding a victim's character is inadmissible unless relevant to the issue being tried. § 90.404(1), Fla. Stat. (2006). However, paragraph 90.404(1)(b) does provide an exception for evidence of a pertinent character trait of the victim. "Under this exception, a defendant may use character evidence to show that the victim of a crime was the aggressor in support of his defense of self-defense." Grace v. State, 832 So.2d 224, 226 (Fla. 2d DCA 2002). "While reputation evidence may be offered to corroborate the defendant's testimony by showing the victim's propensity toward violence, specific act evidence is only admissible to prove the reasonableness of the defendant's apprehension." Grace, 832 So.2d at 226. Again, the trial court did not abuse its discretion by finding evidence regarding the victim's reputation for violence, and specific acts of violence, to be inadmissible. The defendant did not allege that he stabbed the victim in self defense. Instead, he claimed that he did not stab her at all-that she fell on her own knife and the injury was accidentally inflicted. Furthermore, it is clear from defense counsel's proffer that the defense did not intend to use this information for a permissible purpose. Counsel sought to attack the victim's character by presenting evidence that she lied in her deposition when she testified that she had never hit the defendant in the past. The trial court did not abuse its discretion by excluding this testimony.
Next, the court determined that testimony regarding the victim's reputation in the community for truthfulness was admissible and relevant. The court should have attempted to fashion another, less severe, sanction such as continuing the hearing for the State to obtain the needed information, before deciding to exclude the witnesses. Comer v. State, 730 So.2d 769, 774 (Fla. 1st DCA 1999) (reversing where the trial court precluded a late-listed defense witness from testifying without conducting a Richardson hearing or considering less severe sanctions). However, we conclude that the error was harmless beyond a reasonable doubt because there is no "reasonable possibility that the lack of the evidence complained of might have contributed to the conviction. . . ." Comer, 730 So.2d at 775.
Affirmed.
ROTHENBERG, J., concurs.
SHEPHERD, J., concurring in part and dissenting in part.
I concur in all respects with the majority's well reasoned opinion except for the harmless error conclusion drawn with respect to the proposed testimony of the victim's relatives concerning her reputation for truthfulness.
As the majority correctly states, character testimony concerning a victim's reputation for truthfulness is admissible in a criminal case. §§ 90.404(1)(b), 90.609, Fla. Stat. (2006); see also Reyes v. State, 580 So.2d 309, 310 n. 4 (Fla. 3d DCA 1991) (noting that Section 90.609(2), Florida Statutes, permits only the admission of "evidence of `character relating to truthfulness' *861 by testimony `in the form of reputation'"). In this case, Defendant was violated on attempted murder and possession of a weapon charges. The victim's testimony implicated Defendant. Defendant's defense was self-defense.[2] There were no other witnesses to the incident and the physical evidence did not refute either story. Whether the charges were sustainable was highly dependent upon the testimony of the victim and Defendant. In this "he said, she said," there existed evidence to discredit both witnesses. Only the impeachment evidence discrediting defendant's version of the events was presented.[3] The testimony of the victim unfolded nearly unscathed. Defendant necessarily was violated, in substantial part, on this testimony.
Because the improper exclusion of this testimony deprived Defendant of his sixth and fourteenth amendment rights to provide witnesses on his own behalf, we are required to evaluate the exclusion according to the harmless error constitutional-error rule articulated by the United States Supreme Court, "whether there is a reasonable probability that the lack of evidence complained of might have contributed to the verdict or, in other words, was the error harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (emphasis added); see also Gurganus v. State, 451 So.2d 817, 823 (Fla.1984) (accord). The State argues that the implosion of defendant in his own testimony was sufficient to obtain a judicial bypass on this appeal. I disagree. The unimpeached testimony of the victim was essential to the adjudication. It may be, and we may even believe, that on a re-hearing below the same decision should or will obtain after the relatives' impeachment is heard. However, such a belief is insufficient to sponsor a conclusion by us that the lack of evidence did "not contribute to the verdict." Defendant was entitled to his witnesses. Cf. State v. Randol, 947 So.2d 609 (Fla. 3d DCA 2007) (reversing order excluding state evidence on the basis of discovery violations where evidence could have been sooner discovered).
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[2] Defendant testified that he was first stabbed by the victim and pushed her out of fear, after which she fell on her own knife. According to the defendant, he never possessed the knife. If believed, Defendant's version of events would negate both charges.
[3] As properly conceded by defense counsel at oral argument, Defendant's credibility after cross-examination "was shot."