PER CURIAM.
 

 Appellant seeks review of his convictions and sentences for aggravated battery and burglary of a dwelling. Appellant raises a number of issues, only two of which merit discussion: 1) whether the trial court erred in excluding evidence of Appellant’s knowledge of the victim’s previous acts of violence that was relevant to Appellant’s
 
 *817
 
 claim of self-defense; and 2) whether the trial court erred in denying Appellant’s motion for judgment of acquittal on the burglary charge because there was no evidence that he intended to commit a criminal offense when he entered the dwelling. For the reasons that follow, we reverse the first issue and remand for a new trial on the aggravated battery charge and we affirm the second issue. We affirm the other issues raised by Appellant without further comment.
 

 In December 2008, Appellant decided to take a “mini vacation” with his girlfriend in order to spend “a romantic couple of nights together with just each other.” Appellant obtained a key to a rental home in Destín without authorization from the owner and he and his girlfriend spent three days using the home. On the last day, they had an argument and physical altercation during which Appellant’s girlfriend was seriously injured. At trial, Appellant’s defense to the aggravated battery charge was that his girlfriend was threatening him with a knife and that he injured her in self-defense. He sought to introduce evidence of his knowledge of his girlfriend’s previous acts of violence against others, including specific instances of her threatening her ex-husband and current husband with knives. The trial court excluded this evidence on hearsay grounds.
 

 On appeal, Appellant correctly argues that the evidence was not hearsay and that it was admissible to show that he knew of his girlfriend’s propensity for violence. When a defendant raises self-defense, evidence of specific prior acts of violence by the victim, which were known to the defendant, is admissible to show the reasonableness of the defendant’s apprehension at the time of the incident.
 
 See Smith v. State,
 
 606 So.2d 641, 642-48 (Fla. 1st DCA 1992). The State concedes that the trial court erred in excluding the evidence, but argues that the error is harmless in light of the evidence of the girlfriend’s prior acts of violence that was admitted.
 

 The trial court’s error in excluding the evidence was not harmless. “The harmless error test ... places the burden on the state ... to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.”
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1134 (Fla.1986). This test “is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test” but rather focuses the effect of the error on the trier-of-fact.
 
 McDuffie v. State,
 
 970 So.2d 312, 328 (Fla.2007) (citing
 
 DiGuilio,
 
 491 So.2d at 1139). Given that Appellant’s entire case rested on the theory of self-defense, we are unable to say that the error in excluding the testimony regarding his knowledge of his girlfriend’s prior acts of violence had no effect on the jury’s verdict despite the fact that the jury heard testimony about some of the acts. Because the trial court’s error was not harmless, Appellant’s aggravated battery conviction must be reversed and remanded for a new trial.
 

 Appellant also argues that his burglary conviction should be reversed. He contends that he was merely guilty of trespass and that that the trial court erred in denying his motion for judgment of acquittal on the burglary charge because the State did not prove that he intended to commit a crime at the time that he entered the dwelling. The State contends that Appellant’s use of the rental home constituted theft and that it presented sufficient evidence for the jury to determine that Appellant had the intent to commit that of
 
 *818
 
 fense at the time he entered the dwelling. We review this issue
 
 de novo,
 
 viewing all evidence and reasonable inferences in the light most favorable to the State.
 
 See Jones v. State,
 
 790 So.2d 1194, 1197 (Fla. 1st DCA 2001) (en banc);
 
 State v. Williams,
 
 742 So.2d 509, 511 (Fla. 1st DCA 1999).
 

 In support of his claim, Appellant relies solely on
 
 J.J.D. v. State,
 
 973 So.2d 1254 (Fla. 2d DCA 2008). In that case, the juvenile defendant and a friend entered a vacant house and took a bank bag belonging to the owner of the house.
 
 Id.
 
 at 1254. The two boys were runaways and had been using the vacant house as a “hideaway.”
 
 Id.
 
 While the boys were gone, the owner arrived and left the bag in the house, which was missing when the owner returned.
 
 Id.
 
 The trial court determined that the defendant had committed a burglary, but the Second District Court of Appeal reversed, holding that the State failed to prove that the defendant had an intent to commit an offense when he entered the house and, therefore, the defendant was guilty of only trespass.
 
 Id.
 
 The court held that the defendant could not have had the intent to steal the bag that he did not know was in the house at the time he entered.
 
 Id.
 

 J.J.D.
 
 is distinguishable. First, the court did not even consider whether the defendant’s use of the vacant house as a hideaway constituted theft, but rather focused on the defendant’s taking of the bag. Second, the dwelling in that case was a vacant house, not a rental home as in this case.
 

 The State presented sufficient evidence that Appellant was guilty of burglary, which is defined as:
 

 1. Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter; or
 

 2. Notwithstanding a licensed or invited entry, remaining in a dwelling, structure, or conveyance:
 

 a. Surreptitiously, with the intent to commit an offense therein;
 

 b. After permission to remain therein has been withdrawn, with the intent to commit an offense therein; or
 

 c. To commit or attempt to commit a forcible felony, as defined in s. 776.08.
 

 § 810.02, Fla. Stat. (2007). Appellant testified that he entered the rental home with the intent to use it as lodging during a romantic “mini vacation” with his girlfriend. His use of the rental home without paying meets the statutory definition of theft:
 

 (1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
 

 (a) Deprive the other person of a right to the property or a benefit from the property.
 

 (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
 

 § 812.014, Fla. Stat. Property is defined as anything of value and includes real property, tangible or intangible personal property including rights, privileges, interests, claims, and services. § 812.012, Fla. Stat.
 

 Appellant’s conduct in improperly obtaining access to the rental home and using it over the course of three days falls under the definition of theft. Indeed, according to his own testimony, Appellant intended to use the home for a romantic “mini vacation,” which is clearly appropriating the property to his own use. Where Appellant had this intent upon entering
 
 *819
 
 the dwelling, his conduct constitutes burglary.
 

 In sum, we affirm Appellant’s burglary of a dwelling conviction and reverse Appellant’s aggravated battery conviction. We remand this case to the trial court for a new trial on the aggravated battery charge.
 

 AFFIRMED in part; REVERSED in part; REMANDED.
 

 DAVIS, CLARK and WETHERELL, JJ., concur.