PER CURIAM.
 

 Luis Arrascue appeals his convictions for two counts of lewd and lascivious molestation of a child. Only one argument merits discussion, and that issue is not preserved for appellate review.
 

 As his first issue on appeal, Ar-rascue argues that the trial judge erred by improperly limiting his cross-examination of the victim. Arrascue is correct that a criminal defendant has an absolute right to conduct a full and fair cross-examination of the witnesses called by the State.
 
 Docekal v. State,
 
 929 So.2d 1139, 1142 (Fla. 5th DCA 2006). This right “is especially necessary when the witness being cross-examined is the key witness on whose credibility the State’s case relies.”
 
 Id.
 
 (quoting
 
 Tomengo v. State,
 
 864 So.2d 525, 530 (Fla. 5th DCA 2004)). Generally, a trial court reversibly errs by prohibiting cross-examination “when the facts sought to be elicited are germane to that witness’ testimony and plausibly relevant to the theory of defense.”
 
 Id.
 
 (quoting
 
 Bertram v. State,
 
 637 So.2d 258, 260 (Fla. 2d DCA 1994)).
 

 At trial in this case, the State had sought to introduce “William’s Rule”
 
 [1]
 
 evidence from another alleged child victim. The trial court ruled that the State could not use this evidence unless Arrascue “opened the door” to its admission
 
 *929
 
 through cross-examination of the victim. Yet, defense counsel could not get a definitive response from the trial court as to what cross-examination, if pursued, would open the door for admission of the State’s proffered evidence. The trial judge indicated that he would need to hear the testimony to make that assessment. Rather than proffer the desired cross, and secure a definitive ruling, counsel simply elected to forgo his desired cross as to a number of topics. Because defense counsel did not proffer his cross-examination outside of the presence of the jury, we have no way of knowing how the trial court would have addressed the issue given questions that might (or might not) have been asked and responses that might (or might not) have been given. Additionally, we have no way to assess whether the contemplated cross-examination would have made any difference in the outcome.
 
 See, e.g., Finney v. State,
 
 660 So.2d 674, 684 (Fla.1995) (rejecting defendant’s claim that trial court improperly limited cross-examination as unpreserved where defendant failed to proffer testimony he sought to elicit and the substance of such testimony was not apparent from the record). As stated in
 
 Finney:
 
 “Without a proffer it is impossible for the appellate court to determine whether the trial court’s ruling was erroneous and if erroneous what effect the error may have had on the result.”
 
 Id.
 
 Although the record does contain some very generalized statements about the nature of the abandoned cross-examination, it does not contain enough information to permit meaningful appellate review as to this issue.
 

 AFFIRMED.
 

 ORFINGER, LAWSON and JACOBUS, JJ., concur.
 

 [1]
 

 .
 
 Williams v. State,
 
 110 So.2d 654 (Fla.),
 
 cert. denied,
 
 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).