NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STEPHEN PATRICK MOHLER,          )
                                 )
          Appellant,             )
                                 )
v.                               )          Case No. 2D14-876
                                 )
STATE OF FLORIDA,                )
                                 )
          Appellee.              )
_____ )

Opinion filed May 22, 2015.

Appeal from the Circuit Court for Polk
County; Roger A. Alcott, Judge.

Howard L. Dimmig, II, Public Defender, and
Tosha Cohen, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


KHOUZAM, Judge.

          Stephen Mohler appeals his judgment and sentence for felony battery.

Because the trial court erred in excluding evidence of the victim's prior specific acts of

violence, we reverse and remand for a new trial.  As to the remaining issues, we affirm

without comment.

The State charged Mohler with aggravated battery causing great bodily harm. See § 784.045, Fla. Stat (2012). The charge arose from an altercation between Mohler and Blake Swonger at the apartment complex where Mohler resided with his girlfriend, Erika Smith. Swonger was not a resident of the apartment complex but had been loitering around the complex that day. The maintenance supervisor, Dave Lavere, had already told Swonger to leave the premises. Mohler and Smith asked Swonger to leave, Swonger refused, and the disagreement eventually became physical. Some witnesses testified that they saw Swonger face down with Mohler thrusting Swonger's head into the sidewalk, but others did not observe these details. Swonger suffered a laceration above his eye and multiple fractures to his face.

Mohler claimed he acted in self-defense. Smith testified that she wanted Swonger to leave the premises because he was interested in a romantic relationship with her daughter. Both Mohler and Smith testified that they confronted Swonger, telling him to leave, and that Swonger started the fight by throwing a punch at Mohler. Swonger and Mohler entered into a struggle and Mohler, in order to protect himself and Smith, placed Swonger in a frontal headlock. Once Swonger stopped resisting, Mohler released him from the grapple and Swonger fell to the concrete injuring his head. The State did not call Swonger to testify at trial.

The trial court excluded evidence of Swonger's reputation for violence and any past acts of violence, finding that the evidence was irrelevant because Mohler claimed that Swonger's injuries were not inflicted intentionally. Swonger had been in an altercation earlier that day and Mohler knew of Swonger's reputation and prior altercation. The court's ruling excluded the testimony of Frank Cooley, who would have

testified that Swonger attacked and punched him earlier the same evening. Additionally, the maintenance supervisor, Dave Lavere, was instructed not to discuss Swonger's earlier assault on Cooley. Ultimately, the jury found Mohler guilty of felony battery as a lesser-included offense.

On appeal, Mohler argues that because he raised the issue of self-defense, the trial court erred in excluding evidence of Swonger's reputation for violence and incidents of Swonger's past violent conduct. We review a trial court's evidentiary rulings for an abuse of discretion. Masaka v. State, 4 So. 3d 1274, 1279 (Fla. 2d DCA 2009). "[W]e may find that a trial court has abused its discretion when 'its ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence.' " Id. (quoting McDuffie v. State, 970 So. 2d 312, 326 (Fla. 2007)). Evidence of the victim's reputation and specific acts of violence are admissible for different purposes when a defendant raises self-defense. See Antoine v. State, 138 So. 3d 1064, 1075 (Fla. 4th DCA 2014). Reputation evidence of the victim is admissible as circumstantial evidence to prove that the victim acted consistently with his or her reputation for violence. See id. at 1075. However, specific acts of violence, if known by the defendant, are admissible to prove that the accused was reasonably apprehensive of the victim and that the defensive measures of the accused were reasonable. See id. at 1075-76.

When a defendant's sole defense is self-defense, it may be prejudicial error to exclude competent evidence supporting that defense. See Hughes v. State, 36 So. 3d 816, 817 (Fla. 1st DCA 2010) ("Given that Appellant's entire case rested on the theory of self-defense, we are unable to say that the error in excluding the testimony

- 3 -

regarding his knowledge of his girlfriend's prior acts of violence had no effect on the jury's verdict despite the fact that the jury heard testimony about some of the acts."); Smith v. State, 606 So. 2d 641, 643-44 (Fla. 1st DCA 1992) ("Considering the nature of the evidence in this case, especially the conflicts between the theories offered by the two sides and the fact that the erroneously excluded evidence went to appellant's only defense, the error must be considered harmful.").

While Mohler has failed to identify what reputation evidence was erroneously excluded, we agree that the trial court erroneously excluded evidence of Swonger's specific acts of violence. Mohler sought to introduce evidence that Swonger instigated another fight earlier that day through the testimony of Frank Cooley and Dave Lavere. Smith was also prepared to testify that she informed Mohler of the earlier fight. This evidence would have supported Mohler's self-defense claim by showing that Mohler's apprehension of Swonger was reasonable. This error was prejudicial because it excluded competent evidence of Mohler's sole defense.

Citing to Pintado v. State, 970 So. 2d 857, 860 (Fla. 3d DCA 2007), the State argues that because Mohler's testimony was that the victim's injury was an accident, evidence of the victim's prior acts of violence was irrelevant. The State's reliance on Pintado is misplaced. In that case, it was alleged that the defendant stabbed his girlfriend with a knife. Id. at 858. The defendant in that case claimed that he was first stabbed by the victim and when he pushed her out of fear, she fell on her own knife. Id. at 861 n.2 (Shepherd, J., dissenting). The defendant sought to introduce evidence of the victim's history of hitting the defendant. Id. at 860. The court found no abuse of discretion in the exclusion of the evidence because it was not relevant to the

defendant's claim that the victim accidentally fell on her own knife.  Id.  In so ruling, the majority seemed to have found that the defendant's theory did not constitute self-defense.  See id. at 860 ("The defendant did not allege that he stabbed the victim in self-defense.  Instead, he claimed that he did not stab her at all—that she fell on her own knife and the injury was accidentally inflicted.").  However, the dissent found this to be a valid self-defense claim.  Id. at 861 (Shepherd, J., dissenting).

In either event, Pintado is distinguishable from this case.  First, in Pintado, the victim's history of hitting the defendant was sought to be admitted for impeachment purposes.  See id. at 860 ("[I]t is clear from defense counsel's proffer that the defense did not intend to use this information for a permissible purpose.  Counsel sought to attack the victim's character by presenting evidence that she lied in her deposition when she testified that she had never hit the defendant in the past.").  Unlike Pintado, there is no question in this case that Mohler's theory of defense was self-defense and that Mohler attempted to admit evidence of the victim's specific acts of violence in support of this claim.  Although Mohler testified that the injury was unintentional, there was no dispute that Mohler and Swonger were engaged in an altercation that was more than the solitary push at issue in Pintado.

Because the trial court erred in excluding evidence of Swonger's prior specific acts of violence and the error was not harmless, we reverse and remand for a new trial.

Reversed and remanded for a new trial.

NORTHCUTT and LUCAS, JJ., Concur.