CHASE, M., Associate Judge.
Appellant, Jose Luiz Recco, appeals his convictions and sentence on three counts of lewd or lascivious molestation, one count of lewd or lascivious exhibition, and one count of lewd or lascivious conduct. He argues that the trial court improperly limited his right to fully cross-examine the alleged victim by denying him the opportunity to inquire into, or demonstrate, prior inconsistent statements. We agree, and accordingly, reverse.
FACTUAL BACKGROUND
In August of 2016, Appellant, a family friend, babysat the five-year-old alleged victim, S.B. Soon after, S.B. told her mother that she had seen Appellant naked in the bathroom and that they had played a game involving the removal of clothes. When asked on subsequent occasions about the events of that day, S.B. offered differing versions. Her descriptions of what occurred varied when questioned by her father, during a later forensic interview, a videotaped deposition, and finally at trial. Because there was no physical evidence and no eyewitnesses other than Appellant and S.B., the defense sought to call S.B.'s credibility into question by, among other things, placing before the jury the differing accounts she had given.
The court ruled that it would not follow the normal impeachment procedure of confronting S.B. with her prior inconsistent statements because the court found she lacked the intellectual and emotional capacity to understand that process. Instead, the trial court advised that it would allow the defense to play for the jury's consideration any portion of S.B.'s videotaped deposition that contradicted her trial testimony.
After completing the truncated cross-examination of S.B., Appellant showed the court several statements in S.B.'s deposition testimony that directly conflicted with her trial testimony. Appellant argued that S.B.'s descriptions of the alleged criminal episode included variations on who initiated the game-playing, where each person was located, whether clothing was worn or had been removed, as well as her descriptions of Appellant's anatomy. After considering the discrepancies, the trial court found that the statements dealt with collateral matters rather than material issues and did not permit the defense to play any portion of the deposition for the jury. Despite the fact that these discrepancies encompassed several aspects of how this alleged criminal episode occurred, Appellant was left with neither an opportunity to explore the inconsistencies with the accuser on the witness stand, nor the chance to fully demonstrate to the jury the extent of the inconsistencies between her current and prior testimony.
*275 The jury found Appellant guilty as charged on all five counts. The trial court adjudicated him guilty and sentenced Appellant to twenty-five years in prison followed by life on sex offender probation for the first three counts and twelve years for the fourth and fifth counts. Appellant timely appealed, raising four issues. Because we reverse on the first, the remaining issues are moot.
ANALYSIS
Appellant argues that the trial court abused its discretion by completely precluding him from cross-examining the alleged victim with prior inconsistent statements. The State argues that if the trial court's actions constituted error, it was harmless error. A court's decision to limit the scope of cross-examination is subject to an abuse of discretion standard. Moore v. State , 701 So.2d 545, 549 (Fla. 1997).
This Court has previously held that "[a] criminal defendant should be afforded wide latitude to cross-examine the State's witnesses, especially when cross-examining a key prosecution witness." Elmer v. State , 114 So.3d 198, 201 (Fla. 5th DCA 2012). The cross-examination process is important as it is often "the principal means by which the believability of a witness" is tested. Id. at 202 (quoting Davis v. Alaska , 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) ). The trial court does have broad discretion to limit any examination to protect a witness from repetitive or unduly harassing interrogation. It may impose reasonable limits on cross-examination when the court is concerned about, "among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Moore , 701 So.2d at 549 (quoting Delaware v. Van Arsdall , 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) ).
Here, the trial court sought to provide protection for the child witness. The trial court deemed the cross-examination process, and specifically the laying of a foundation for impeachment, to be beyond S.B.'s capacity to understand. The limitation on cross-examination went beyond the issue of laying a foundation, however, and the court further denied Appellant's request to publish all or parts of the inconsistent deposition testimony. The ruling was based on the trial court's finding that the inconsistencies involved collateral rather than material issues. However, "cross examination is not confined to the identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify, supplement, contradict, rebut, or make clearer the facts testified to in chief." Docekal v. State , 929 So.2d 1139, 1143 (Fla. 5th DCA 2006) (citing Chandler v. State , 702 So.2d 186, 195 (Fla. 1997) ). The alleged victim's credibility was a central issue in this case and Appellant's ability to challenge that credibility was unduly encumbered.
The jury instructions given in this case expressly directed the jury to consider whether the witness seemed to have an accurate memory and whether the witness made any prior statement inconsistent with her trial testimony. Had the trial court allowed Appellant to publish the inconsistent deposition statements to the jury, Appellant would not have been materially prejudiced by the trial court's elimination of the usual steps followed in laying the foundation for impeachment using prior inconsistent statements. Because Appellant was not able to show the jury that S.B.'s trial testimony and deposition testimony were inconsistent in certain regards, the jury did not have all the evidence on whether S.B.'s memory was accurate and *276 whether she had given inconsistent statements at other times. The trial court erred by not permitting Appellant to follow the normal impeachment process and by not allowing him to publish S.B.'s inconsistent deposition testimony.
The trial court concluded that barring the defense from playing the deposition did not prevent it from arguing to the jury that S.B.'s story had changed through time, as that had already been established in the record by other means. While there might have been other examples of S.B.'s story changing through time, the trial court unduly limited Appellant's "absolute right to conduct a full and fair cross-examination of the witnesses called by the State." See Arrascue v. State , 42 So.3d 927, 928 (Fla. 5th DCA 2010). The credibility of a testifying witness is always the proper subject for cross-examination, especially here, when the witness is the State's key witness in a case that otherwise lacks corroborating evidence. For the foregoing reasons, we conclude that the limitation on Appellant's right to confront witnesses against him constituted an abuse of discretion and was not harmless error. Accordingly, we reverse and remand to the trial court for a new trial.
REVERSED and REMANDED.
ORFINGER and EDWARDS, JJ., concur.